# City of Centralia

*v.*

# Andrew Scott.

1. Incorporated cities—*liability for injuries resulting from defective highways.* Chartered cities are liable for injuries, resulting from neglect to keep their streets in proper condition.*

2. Same—*of contributory negligence.* In an action against a chartered city, to recover for injuries received by the plaintiff, by reason of being thrown from his wagon in going over a defective crossing, while his horses were running away, it was *held,* the fact, that one of the plaintiff's horses had previously, on several occasions, run away, was not, of itself, a conclusive reason why the plaintiff should not recover.

3. Such circumstance was properly left to the jury for them to consider, and weigh it in connection with the alleged negligence of the defendant, and in determining the degree of the plaintiff's care or negligence in driving his team.

---

*See also the cases of *President and Trustees of the town of Mechanicsburg* v. *Meredith,* 54 Ill. 84, and *City of Peru* v. *French,* 55 Ill. 317. And see the case of *Town of Waltham* v. *Kemper,* 55 Ill. 346, where a distinction is taken in regard to their liability for injuries, resulting from the bad condition of highways, between chartered cities, and towns established by law as a civil division of a county, merely.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. HENRY C. GOODNOW, for the plaintiff in error.

Messrs. CASEY & DWIGHT, for the defendant in error.

Per CURIAM : This was an action brought by defendant in error, against the city of Centralia, for injuries received in consequence of being thrown from his wagon, in going over a defective crossing, while his horses were running away. The jury found for the plaintiff a verdict of $30, for which the court gave judgment.

Counsel for plaintiff in error denies the liability of municipal corporations for injuries arising from the bad condition of streets, but so far as chartered cities are concerned, the question is not an open one in this court.

We see no grounds for reversing this judgment. The instructions properly gave the law to the jury, and although the evidence, as to the condition of the crossing, is conflicting, the jury have passed upon it, and there is no good reason for disturbing their verdict. They were certainly not actuated by prejudice or passion, as is evident from the very moderate damages they allowed.

It is urged, that one of the plaintiff's horses had, on several occasions, run away. We do not, however, think this fact, of itself, is a conclusive reason why the plaintiff should not recover, and the court below called the attention of·the jury to this circumstance, in one of the instructions given for the defendant, and left it to them to weigh it, in connection with the alleged negligence of the defendant. Almost all horses are liable to take fright and run away, and we can not lay it down as a legal proposition, that a plaintiff, in a case like the present, can not recover, merely because he is driving a pair of horses, one of which has, on various occasions, run away, if he has used reasonable care and diligence at the time the

accident occurred. The degree of negligence involved, in driving a horse that has before run away, can be properly left to the determination of the jury, as was done in the present case.

*Judgment affirmed.*

59 131,
153 137

59 131
48a 50

59 131
70a 555

59 131
72a 365

59 131
89a 767