## KINOWER WORMLEY

*v.*

## JOHN GREGG.

65  251
78a 599
65  251
111a ¹165

1. ANIMAL—*proof of knowledge of vicious habit in.* Where plaintiff, in an action on the case against the owner of a dog, to recover damages sustained by his team running away in consequence of an attack of the dog in a public street, alleged in his declaration that the defendant, well knowing the dog was of a fierce, ferocious and mischievous nature, and therefore improper, dangerous and unsafe to suffer him to go at large upon the public streets not properly secured, and that the dog was accustomed to run out from the premises of the defendant, and it was contended that under the act of 1853, relating to dogs, it was not necessary to allege or prove the defendant's knowledge of the propensity of his dog: *Held,* that as the action was at common law without reference to this statute, it was necessary to prove the *scienter* as charged in the declaration.

2. It is only when the declaration alleges the defendant to be the owner of the dog that the allegation of knowledge of its vicious propensity, and proof thereof, is dispensed with.

3. NEW TRIAL—*on the ground of newly discovered evidence.* Where an application for a new trial was based upon the fact of newly discovered evidence, which was merely cumulative, and it was not shown by the affidavit of the proposed witness: *Held,* no error to refuse the application.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. STIPP & BOWEN, for the appellant.

Messrs. DICKEY, BOYLE & RICHOLSON, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

On the 11th of February, 1853, the General Assembly of this State enacted as follows : That the owner of any dog or dogs shall be liable in an action on the case for all damages that may accrue to any person or persons in this State, by reason of such dog or dogs killing, wounding, or chasing any sheep or other domestic animal belonging to such other person or persons, and when the amount of such damage does

not exceed one hundred dollars, the same may be recovered by an action before a justice of the peace. Sess. Laws 1853, p. 124.

At the November term, 1869, of the La Salle circuit court, appellant brought an action on the case against appellee, alleging in his declaration that the defendant kept a dog, well knowing the dog was of a fierce, ferocious and mischievous nature, and therefore improper, dangerous and unsafe to suffer him to go at large upon the public streets not properly secured, and that the dog was accustomed to run out from the premises of the defendant, and that he did run out from the premises and attack plaintiff's team on a public street in the village of Mendota, thereby causing the team to run away, whereby one of the plaintiff's horses was killed and his wagon and harness injured.

The general issue was pleaded and the cause tried by a jury, resulting in a verdict for the defendant.

Plaintiff entered his motion for a new trial, and submitted therewith his affidavit of newly discovered evidence, going to the proof of knowledge by the defendant of the vicious nature of his dog.

The motion was overruled and judgment rendered on the verdict, to reverse which the plaintiff appeals.

His first point is that the verdict, "at first blush," is contrary to the evidence. We have the testimony before us, and have read it carefully, and can not concur with appellant in his view of it. The evidence leaves it quite doubtful whether the injury was caused by the vicious habit of the horse to run away without a sufficient exciting cause, or by the onset of the dog.

The next point made is, the refusal of the court to give plaintiff's first instruction, and modifying others. The first instruction was as follows:

"*First.* · If the jury believe, from the evidence, that on or about the 14th of March, 1869, the defendant kept on his

premises, and permitted to run at large, a dog which ran out from said premises and attacked and frightened the plaintiff's team, while being driven along a public street, then causing plaintiff's team to be frightened and run away, and one of his horses to be killed, then the jury should find the defendant guilty and should assess the plaintiff's damages such amount as they shall believe, from the evidence, was the reasonable value of the horse so killed."

Appellant contends that refusing this instruction was error, but admits its propriety depends on the proper construction of the section of the act we have above quoted.

Appellant contends that since the passage of this act, in an action like this, it is not necessary to allege or prove defendant's knowledge of the habits or propensity of his dog to commit injuries like those of which complaint is made. He admits, before the passage of this act, that it was necessary both to allege the *scienter* and to prove it.

Again, he says the legislature intended by this act just what they have said, that any person to whom a domestic animal belongs may sustain an action on the case against the owner of any dog for all damages, and, further, that it is within the letter and spirit of the statute that the plaintiff should have been allowed to recover without proving the *scienter*. This statute, he insists, is suited to the times, etc., and the refusal of this instruction was a material error, and could not but injure appellant.

Admitting all the appellant has urged on his view of the statute, it can not avail him, as his action is not brought under the statute. The declaration is in close conformity with the well known precedents in the books, that the defendant wrongfully and injuriously did keep a certain dog, &c., he, the said defendant, at that time well knowing, &c.

As we understand the statute, it is only in a case where the declaration alleges the defendant to be the owner of the

dog, that the allegation of knowledge and proof thereof is dispensed with.

The action being at common law without any reference to the statute, the principle is too familiar to be discussed that the *scienter* must be alleged and proved.

This element being omitted from the instruction, it was properly refused.

This disposes of the case, and renders it unnecessary to say anything upon the other points made.

The action being an action at common law, the knowledge of the propensity of this dog to attack a team of horses passing through a public street of the village of Mendota, should be brought home to the defendant and proved. It is averred in the declaration simply that defendant kept a ferocious dog, dangerous to be allowed to run at large, well knowing the dog to be such; that he permitted the dog to run at large, and that the dog attacked the plaintiff's team on a public street in the village of Mendota.

The common law precedents go further than this in the allegations. In alleging the *scienter*, it is " he, the said defendant, during all that time well knowing that the said dog then was used and accustomed to attack and bite mankind, etc.," if that be the cause of action. As our statute gives other causes of action against an owner of a dog, the allegation should be changed accordingly.

The proof is also unsatisfactory as to the knowledge of the defendant, and the evidence newly discovered is merely cumulative on that point, and the affidavit is not by the party proposed to be made the witness.

We perceive no error in the record and affirm the judgment.

*Judgment affirmed.*