# THE CHICAGO AND NORTHWESTERN RAILWAY CO.

## *v.*

## WILLIAM COSS.

1. DEFAULT—*what admitted by.* A default in a suit at law only amounts to a confession of the truth of the averments properly pleaded. It confesses no fact not averred.

2. NEGLIGENCE—*rule respecting recovery for injury.* Under the rule long since announced and adhered to by this court, a party receiving an injury must show, either that he is himself free from and the defendant guilty of negligence, or if the plaintiff is guilty of negligence that it is slight and that of the defendant is gross, or the injury willfully inflicted.

3. SAME—*whether plaintiff is guilty of such negligence as to preclude a recovery.* Where the plaintiff's declaration in a suit against a railway company showed that he received a personal injury in attempting to pass between the cars of a freight train, to which was attached an engine, with steam up, and which was liable to start at any moment, and without permission or notice to any one in charge of the freight train, or having authority over it,

to reach a passenger train standing on the other side, it was *held*, that it showed such negligence on the part of the plaintiff as would preclude a recovery.

4. PLEADING—*averment as to plaintiff's negligence in declaration.* While it is not necessary, in a suit against a railway company to recover for a personal injury occasioned by the defendant's negligence, that the plaintiff should aver, in his declaration, that he was free from negligence, or had observed due care, yet if the declaration shows he was guilty of negligence, and it does not appear, from its averments, that his negligence was slight and that of the defendant was gross, it will be insufficient to sustain a judgment by default.

5. SAME—*question of plaintiff properly arises on the proofs.* In a suit to recover damages growing out of negligence, where the declaration avers negligence on the part of the defendant and shows none on the part of the plaintiff, the question of his negligence will not arise till on the trial, and must be determined by the evidence and not by the pleadings.

6. RAILROADS—*duty to keep open a safe passage to its passenger trains.* It is the duty of a railway company, before the departure of its passenger train from a station, to clear the way by the removal of freight trains between it and the depot buildings, so that passengers can approach the passenger train with safety. If the passenger train should leave before giving the holder of a ticket a safe means of access to it, the company would be liable to such party in damages.

APPEAL from the Circuit Court of McHenry county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was an action on the case, by William Coss against the Chicago and Northwestern Railway Company. The facts of this case appear from the plaintiff's declaration, the substance of which is given in the opinion of the court. The defendant was defaulted in the court below for want of a plea. The jury assessed the plaintiff's damages at $3700. The plaintiff remitted $1500. The defendant, after the assessment of damages, moved in arrest of judgment, which was denied, and judgment rendered against the defendant for $2200, and the defendant appealed.

Mr. B. C. COOK, for the appellant.

Messrs. COON & CURTIS, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

Appellant raises a number of questions on this record, amongst which is one that the court below erred in overruling a motion in arrest of judgment, and in support of that objection it is urged that the declaration fails to show any cause of action. It contains the averment that the company had a passenger depot at Crystal Lake, on its road, and that appellee went to the station for the purpose of taking passage on one of its trains to Cary station; that it was the duty of appellant to keep safe and convenient approaches, so that persons could go safely from the depot to the passenger cars, for the purpose of taking passage therein, but they, at the time the passenger train was about to start, knowingly, carelessly, willfully and negligently blocked up and stopped all of the public streets, approaches and grounds between the depot and passenger train, by running upon a track between them a long, large and heavy freight train of cars, which entirely closed, blocked up and stopped all public roads and approaches from the depot to the passenger train, when it was its duty to have kept such approaches open and free to persons going upon the passenger train; that it let the freight train so stand until almost the moment when the passenger train started; that it was impracticable and impossible for appellee to go from the depot to the passenger train without passing over, through or between the cars in the freight train; that in order that appellee might take passage on the cars, he, with due caution and circumspection, attempted to pass between the cars in the freight train, and to do so it was necessary for him to step upon the bumpers or couplings of the freight cars, and whilst on the same, appellant suddenly, carelessly and negligently, without any warning or notice, by ringing a bell, sounding a whistle, or otherwise, started up the train, and by a violent and sudden jerk caused appellee to lose his footing and to fall between the freight cars and the couplings or bumpers, and one of his feet was thereby

greatly injured, and he suffered great pain, was put to great expense, and lost many months' time, etc.

The default, even if it was regular, only amounted to a confession of the truth of the averments properly pleaded. It confessed no fact not averred, and whether this declaration contains averments sufficient to sustain the verdict, is the question we propose to consider.

Under the rule long since announced and adhered to by this court, a party receiving injury must show either that he is himself free from and the defendant is guilty of negligence, or, if the plaintiff is guilty of negligence, that it is slight, and that of defendant is gross or wanton, or the injury willfully inflicted. These are the conditions upon which a party may recover in such a case. When tested by these rules, does this declaration show a right of recovery by appellee? That he, in attempting to cross between the cars of a freight train to which an engine with steam up was attached, and liable to start at any moment, and without permission, or notice to any one in charge of the train or having authority over it, was, we think, manifestly negligence, and, divested of all verbiage, that is what is averred by this declaration. It was, no doubt, the duty of the company, in due time before the passenger train left, to clear the way, so that appellee and all other passengers could approach and enter it with safety. But a failure of the company to perform their duty did not license appellee to hazard his life to reach the train. Had the passenger train left before he could approach it safely, and thus have violated its implied agreement to carry him on that train, if he had procured a ticket for a passage thereon, he would have had his action against the road for all damages sustained by not carrying him on that train, but it conferred on him no right to imperil his life or limb.

In the case of *The Chicago, Burlington and Quincy Railroad Co.* v. *Dewey*, 26 Ill. 255, it was said that the deceased knew that an engine was attached, with the steam up, liable to move at any moment; that it was in the night, when the engineer or conductor would not be likely to see or know of his effort to pass between the cars; that he gave no notice of

his purpose to pass through, and the officers had a right to suppose a prudent or reasonable person would not attempt to pass at the time or under the circumstances, and the evidence was that the bell was rung, and the usual notice thus given before the train was moved. On those facts the court held that deceased was guilty of negligence. It was also held, that it was negligence for the servants of the road to stop their freight train so as to prevent passengers from going from the depot to the passenger train; that having placed it there, it was their duty to have opened it, so as to afford a safe and easy passage to and from the passenger cars. In that case it was held, that negligence of deceased was not slight, as compared with that of the company, and recovery could not be had.

In a case like the present, whilst it is not necessary that a plaintiff should aver that he was free from all negligence or had observed due care, still, a declaration will be insufficient if it appear that he was guilty of negligence from the averments. In this case it does appear, from the declaration, that appellee was guilty of negligence, and from all the averments we are unable to say that his negligence was slight and that of appellant was gross, and, failing to so appear, the declaration was insufficient to sustain the judgment. Had it averred negligence of appellant and not shown negligence on his part, then the declaration would have been sufficient. The question of his negligence would then not arise until the trial, and then it would be compared with that of appellant, and if his should be found to be slight and that of appellant gross, he would be entitled to recover, otherwise he must fail.

The judgment must be reversed and the cause remanded, with leave to amend.

*Judgment reversed.*