THE CHICAGO, BURLINGTON & QUINCY R. R. CO.

v.

CHLOE M. SYKES, Adm'x.

1. RAILROADS—PASSING UNDER TRAIN—NEGLIGENCE.—Under ordinary circumstances, and without any encouragement from the servants of the company that it might be safely done, a person attempting to pass a train of cars to which an engine was attached and liable to be set in motion at any moment, by crawling under the cars, would be guilty of such gross negligence as would prevent a recovery.

2. INSTRUCTION—INVITATION BY THE CONDUCTOR TO PASS UNDER.—An instruction to the effect that if the train was negligently left across the street,

and it was impossible to pass without going over or under the train; that the conductor called out to the deceased to "come on under, you will have plenty of time;" and that deceased, relying upon such invitation, attempted to go under, using such care as an ordinarily careful man would use under the circumstances, etc., the defendant would be liable, is erroneous, it being liable to be understood by the jury as meaning that if the deceased exercised reasonable care while passing under the car, it would excuse him, though it might have b̈een grossly negligent for him to have accepted the invitation. All the facts stated in such instruction might have been true, and still the deceased have been guilty of great negligence.

3. INSTRUCTIONS ON THE PART OF THE APPELLANT.—An instruction asked by appellant to the effect that if the jury believe that a man using ordinary care and prudence would not crawl under a freight train, to which he knew or had means of knowing, a locomotive was attached, liable to start at any moment, even if invited so to do by the conductor of the train, etc., they should find for the defendant, should have been given. It contains an accurate statement of the law. If it was not ordinary care and prudence, though invited, to crawl under a car, under such circumstances, no recovery should be had. The conductor and the deceased might both be grossly negligent, the former for giving and the latter for accepting the invitation, and if both were grossly negligent or equally in fault, no recovery could be had.

4. INVITATION BY CONDUCTOR.—Under the circumstances of this case, the invitation by the conductor to the deceased to come under the train, should be taken into account along with the other circumstances of the case, in determining whether the deceased exercised due care and caution in attempting to pass the train in this manner.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. WILLIAM C. NORCROSS, for appellant; that the deceased was guilty of gross negligence in crawling under the train, in any view of the case cited, C. B. & Q. R. R. Co. v. Lee, adm'x, 68 Ill. 576; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; C. B. & Q. R. R Co. v. Dewey, 26 Ill. 255; C. B. & Q. R. R. Co. v. Dunn, 52 Ill. 260; Ill. Cent. R. R. Co. v. Baches, 55 Ill. 379.

That the court erred in refusing defendant's 13th and 15th instructions: C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; Keokuk Packet Co. v. Henry, 50 Ill. 264; T. P. & W. R. R. Co. v. Riley, 47 Ill. 514; C. B. & Q. R. R. Co. v. Dewey, 26 Ill. 255; Ohio & Miss. Ry. Co. v. Stratton, 78 Ill. 88; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; C. B. & Q. R. R. Co. v.

Dunn, 52 Ill. 260; C. & A. R. R. Co. v. Gretzner, 46 Ill. 82.

That the verdict should have been set aside as being clearly against the weight of evidence: Adams Ex. Co. v. Jones, 53 Ill. 463; Clement v. Bushway, 25 Ill. 200; Boren v. Bartleson, 39 Ill. 43; Gibson v. Webster, 44 Ill. 483; Scott v. Plumb, 2 Gilm. 595; Lowrie v. Orr, 1 Gilm. 70; Keaggy v. Hite, 12 Ill. 99; Baker v. Pritchett, 16 Ill. 66; Miller v. Hammers, 51 Ill. 175; Chase v. Debolt, 2 Gilm. 371; Higgins v. Lee, 16 Ill 495; Gordon v. Crooks, 11 Ill. 142; Kewanee v. Depew, 80 Ill. 119; Ill. Cent. R. R. Co. v. Chambers, 71 Ill. 519; C. R. I. & P. R. R. Co. v. Bell, 70 Ill. 102.

That an invitation to the deceased by the conductor of the train to crawl under the car was not within the duties of such conductor, and defendant cannot be held liable therefor: Story on Agency, 156; 1 Greenl'f's Ev. 129; 1 Wharton on Ev. 252; Davison v. Porter, 57 Ill. 300; Snyder v. Hannibal & St. Jo. R. R. Co. 60 Mo. 413; St. L. & Memphis Packet Co. v. Parker, 59 Ill. 23.

That an instruction to that effect was erroneous, as being calculated to mislead the jury: Paulin v. Howser, 63 Ill. 312; Brown v. Graham, 24 Ill. 628.

That evidence of statements made by the conductor not within the scope of his agency, and made after the transaction, was improperly admitted: Story on Agency, 156; 1 Greenl'fs Ev. 129; 1 Wharton on Ev. 252; Law v. Bryant, 9 Gray 245; Robinson v. R. R. Co. 7 Gray, 92; Anderson v. Rome, etc. R. R. Co. 54 N. Y. 834; Griffin v. Montgomery R. R. Co. 26 Ga. 111; Luby v. Hud. R. R. R. Co. 17 N. Y. 131; Bank v. Stewart, 37 Me. 519; Great Western R. R. Co. v. Willis, 18 C. B. 748; Allen v. Denston, 8 C. & P. 706; Stiles v. Western R. R. 8 Met. 46; Cooley v. Norton, 4 Cush. 93; Treadway v. Sioux City, etc. R. R. 8 Am. Rep. 415; Ang. and Ames on Cor. 334; Paley on Agency, 207.

That the deceased was violating a statute law of this State in crawling under the train: Rev. Stat. 1874, 810.

That the deceased was clearly guilty of gross negligence as is proven by all the testimony in the case : Kewanee v. Depew, 80 Ill. 119; Ill. Cent. R. R. Co. v. Chambers, 71 Ill. 519; Ill. Cent. R. R. Co. v. Hall, 72 Ill. 222; Snyder v. Hannibal &

St. Jo. R. R. Co. 60 Mo. 413;  R. R. I. & St. L. R. R. Co. v. Byam,
80 Ill. 528;  Sterling Bridge Co. v. Pearl, 80 Ill. 251;  I. C. R.
R. Co. v. Goddard, 72 Ill. 567;  St. Louis & S. E. R. R. Co. v.
Britz, 72 Ill. 256;  T. W. & W. R. R. Co. v. Barlow, 71 Ill.
640;  I. C. R. R. Co. v. Godfrey, 71 Ill. 500.

A higher degree of care is required of an adult than of a
child :   C. & A. R. R. Co. v. Murray,  71 Ill. 601;  C. B. & Q.
R. R. Co. v. Dewey, 26 Ill. 255;  R. R. Co. v. Gladman, 15
Wall. 408.

Messrs. STEWART & PHELPS, for  appellee;  insisted that the
question whether the deceased was guilty of negligence was a
proper one for the jury, and cited I. & St. L. R. R. Co. v.
Stables, 62 Ill. 315;  T. W & W. R. R. Co. v. Spencer, 66
Ill. 528;  T. W. & W. R. Co. v. Triplett, 38 Ill. 482;  C. & N.
W. R. R. Co. v. Sweeney, 52 Ill. 325;  I. C. R. R. Co. v.
Hammer, 72 Ill. 347;  P. D. R. R. Co. v. Mullins, 66 Ill.
526.

That where the evidence is conflicting, the verdict will not
be set aside, unless grossly against the evidence:    Morgan v.
Ryerson, 20 Ill. 343;  Millikin v. Taylor, 53 Ill. 509;  Chicago
v. Garrison, 52 Ill. 516;  Voltz v. Stephani, 46 Ill. 54;  Bagley
v. McClure, 46 Ill. 381;  Baker v. Robinson,  49 Ill. 299;
Chicago v. Smith, 48 Ill. 107;  Crain v. Wright, 46 Ill. 107;
McCarthey v. Mooney, 49 Ill. 247;  Keith v. Fink, 47 Ill. 272;
Hope Ins. Co. v. Lonergan, 48 Ill. 49.

That deceased was not guilty of gross negligence in passing
under the train upon invitation of the conductor:  R. R. I.
& St. L. R. R. Co. v. Coultas, 67 Ill. 398;  I. C. R. R. Co.
v. Slatton, 54 Ill. 133;  I. C. R. R. Co. v. Able, 59 Ill. 131.

That it was negligence on the part of the railroad company
to obstruct the sidewalk:  C. B. & Q. R. R. Co. v. Dewey,
26 Ill. 255;  Rev. Stat. 1877 (Hurd's Ed.), 771.

If the negligence of the party injured was slight and that
of the company gross, a recovery can be had:  T. W. & W.
R. R. Co. v. O'Conner, adm'r, 77 Ill. 391;  C. & N. W. R.
R. Co. v. Sweeney, 52 Ill. 325;  C. & N. W. R. R. Co. v.
Coss, 73 Ill. 394;  I. & St. L. R. R. Co. v. Herndon, 81 Ill.

143; G. & C. N. R. R. Co. v. Jacobs, 20 Ill. 478; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; R. R. I. & St. L. R. R. Co. v. Coultas, 67 Ill. 398; C. & A. R. R. Co. v. Sullivan, 63 Ill. 293; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C. & A. R. R. Co. v. Murray, 62 Ill. 326; I. C. R. R. Co. v. Waddlesworth, 43 Ill. 66; St. L. & A. etc. R. R. Co. v. Manly, 58 Ill. 306.

I. C. R. R. Co. v. Maffit, 67 Ill. 431; I. C. R. R. Co. v. Hammer, 72 Ill. 347; R. R. I. & St. L. R. R. Co. v. Hillmer, 72 Ill. 235; C. B. & Q. R. R. Co. v. Triplett, 38 Ill. 482; T. W. & W. R'y Co. v. McGinnis, 71 Ill. 346; I. C. R. R. Co. v. Cragin, adm'r, 71 Ill. 177; Dimick v. C. & N. W. R'y Co. 80 Ill. 341; St. L. V. & T. H. R. R. Co. v. Dunn, 78 Ill. 197; C. & A. R. R. Co. v. Hogarth, 38 Ill. 370.

That it was gross negligence to start the train in the manner it was started without giving a signal by blowing the whistle or ringing the bell: R. R. I. & St. L. R. R. Co. v. Linn, 67 Ill. 109; I. C. R. R. Co. v. Hammer, 72 Ill. 347; T. W. & W. R. R. Co. v. Miller, 76 Ill. 278; C. B. & Q. R. R. Co. v. Stumps, 55 Ill. 367.

Instructions that take from the jury a consideration of the facts in the case, or that are calculated to mislead, should be refused: Frasure v. Zimmerly, 25 Ill. 202; Dart et al. v. Horn, 20 Ill. 212; Duffield v. Delancy, 36 Ill. 258; Winn v. Hammond, 37 Ill. 99; Stout v. McAdams, 2 Scam. 67; Baxter v. The People, 3 Gilm. 368; Hill v. Ward, 2 Gilm. 285; Denman v. Bloomer, 11 Ill. 177; Coughlin v. The People, 18 Ill. 266; Harris et al. v. Miner, 28 Ill. 136; C. B. & Q. R. R. Co. v. George, 19 Ill. 510; Hosley v. Brooks et al. 20 Ill. 116; Calhoun Co. use, etc. v. Buck et al. 27 Ill. 440; Pfund et al. v. Zimmerman, 29 Ill. 269; Trustees, etc. v. McCormick Bros. 41 Ill. 323.

All that appellant was entitled to ask was given by the court, and should not be repeated in other instructions: Hesing v. McCloskey, 37 Ill. 341; McKichan v. McBean, 45 Ill. 228; Underwood v. White, 45 Ill. 437; Freeman v. Tinsley, 50 Ill. 497; Calhoun v. O'Neal, 53 Ill. 354.

Generally as to the liability of the master for the acts of his.

servant: Wilton v. Middlesex R. R. 107 Mass. 169; Bayley v. Manchester, etc. R'y Co. 8 C. P. 153; Cosgrove v. Ogden, 49 N. Y. 255; Anderson v. Rome, etc. R. R. Co. 54 N. Y. 340; Luby v. H. R. R. Co. 17 N. Y. 133.

That substantial justice has been done, and the verdict will not be disturbed: Leigh v. Hodges, 3 Scam. 15; Dishon v. Shorr, 19 Ill. 59; Pahlman v. King, 49 Ill. 266; Hall v. Groufe, 52 Ill. 421; Watson v. Woolverton, 41 Ill. 241.

LELAND, P. J. This was an action brought in Warren county by appellee, as administratrix of Francis M. Sykes, deceased, against appellant, to recover damages for the death of the deceased, who was injured in May, 1876, while attempting to pass under one of the cars of a freight train, at Knoxville, in Knox county, in order to take passage upon a passenger train. There was a verdict for plaintiff of $4,250.

The wheel of the freight car passed over the foot of the deceased, and the death resulted from tetanus or lock-jaw some eight days after the injury. The deceased had been station agent for the company for several years, but at the time of his injury he had ceased to be, and his son, Loren Sykes, had succeeded him. At the time deceased attempted to pass under the freight train, the engine was attached, and the steam was up, and the train in a condition to start at any moment when it was desired to cause it to move, and according to the evidence of some witnesses, liable to be moved by the escape of steam into the cylinder, without any agency of the engineer. The two trains were standing lengthwise, east and west, the passenger train north of the station, on the main track, the freight south of it on a side track. The street running north and south, along which it was necessary to go to pass from the depot to his home, was obstructed by the freight train, which stood across it. The deceased was at the depot, and was going to take the passenger train to go fishing. Desiring to go home to get his boots, he passed under the freight train to go home, came back with his boots, and attempted to again pass under the train, because it was so far to go around that he might miss the passenger train. He attempted to crawl under

a freight car at or near the sidewalk, with his boots in his hands, and while making such attempt the freight train started and he was injured.

That under ordinary circumstances, and without any encouragement from the servants of the company that it might be safely done, such conduct of the deceased would be gross negligence, sufficient to prevent a recovery would seem to admit of no doubt. C. & N. W. R. R. Co. v. Coss, 73 Ill. 394; C. B. & Q. R. R. Co. Dewey, 26 Ill. 255, and the court below so instructed. There was however evidence tending to show that the conductor of the freight train said to the deceased, before he attempted on his return with the boots, to pass under the cars: "Come on under, Mr. Sykes, you will have plenty of time."

This was positively denied by the conductor, who says he did not see Sykes till he was under the cars; and that he then said: "Hurry up, Mr. Sykes," and to the brakeman, "Grab him, boys," and there was other evidence to the effect that there was no invitation or request by any one. One witness says the words were: "Come on," "Hurry out," "Grab him," "Catch him," or the like.

As we have concluded that the judgment must be reversed for errors in the instructions, we do not deem it necessary to determine whether giving the appellee the benefit of all conclusions of fact in her favor, about which the evidence conflicts, it is a case where there can be no recovery, on account of negligence on the part of the deceased, though this position is strongly urged by appellant's counsel. We will not go to the length of saying that there might not be a case where a man of ordinary prudence might be disposed to so act, under such advice of a conductor who might be supposed to be able to control the train. We can, however, readily imagine that a man of ordinary prudence might not be willing to accept an invitation of the kind, and that he might think it a reckless, careless thing for even a conductor of a freight train, which was ready to start, to give such advice under somewhat similar circumstances. There may be a different state of facts on another trial, when it will be for the jury to say whether there was due care on the part of the deceased, or whether he was negligent in accepting

the invitation, or assurance of safety, and acting under it, taking into account the danger of missing the passenger train, the consequences of not making the contemplated journey on that train, the age, activity, and bulk of the deceased, his knowledge, or want of knowledge in relation to the operating and control of locomotives and trains, and all the other surrounding circumstances in evidence.

There were a great many objections by appellant's counsel on the trial to the admission and exclusion of evidence.

We have not deemed it necessary to examine these questions very carefully and thoroughly, as they are of a kind not likely to occur on another trial, and as most of them seem unnecessary and unreasonable.

Exception is taken to the giving of the first instruction on the part of the appellee. This instruction is very long, and contains statements which might properly have been omitted. We do not deem it necessary to set it out at length in this opinion. The substance of it is, that if the train was negligently left across the street, so that it was impossible for the deceased to reach the passenger train in time without going under or over the freight train; that the conductor called to deceased and said, "Come on under, Mr. Sykes, you will have plenty of time;" that deceased, relying upon this direction, attempted to go under, using such care and diligence as an ordinarily careful and prudent man would use under all the circumstances; that while he was passing under, using all possible care, caution and diligence, the train suddenly started without ringing the bell or sounding the whistle, and ran over the foot of deceased, and caused his death, the defendant would be guilty.

The instruction was liable to be understood by the jury, and it seems to us that such is its meaning: that if the deceased exercised reasonable care while passing under the car, it would excuse him, though it might have been grossly negligent for him to have accepted the invitation to go under; that is, that he had the absolute right to go under because of the invitation, but that he should exercise care while on the route under.

All the facts stated in this instruction might be true, and still deceased might be very negligent.

We do not consider the objection, that facts are assumed by the court, to be well· taken. The expression, "If they believe from the evidence," can well be said to relate to all the statements of fact. Nor that the instruction is bad because it recognizes the ability of the conductor to bind the defendant by words uttered not within his agency. We do not consider it entirely outside of his line of duty as a conductor, to give such a direction to one endeavoring to get past his train to take a passenger train.

Exception was also taken to the refusal to give and to the giving as qualified instead of as asked, of some of the instructions asked for by appellant.

The first seven in numerical order were given as asked except that the word "uninvited" was inserted in the third. The eighth was refused and exception taken. This should have been given, unless refused as a repetition of one given, as might have been supposed to be the case in the haste of the trial. We have looked through those given for appellant carefully, and find no one among them the same in principle· as this, though others may be in some respects like it as to some of the ideas. The eighth is as follows:

8. "The jury are instructed that it is the rule of law, that it is the duty of every man, no matter in what he may be engaged, or in whatever circumstances he may be placed, to use ordinary care for his own protection, and if the jury believe from the evidence in this cause that a man using ordinary prudence and care would not crawl under a freight train to which he knew, or had by the use of ordinary care and prudence the means of knowing, a locomotive engine, with steam up and liable to start at any moment was attached, even if told by the conductor in charge of such train to come under the same as he (conductor) was holding train for him, and therefore, even if the jury believe that under such circumstances deceased did crawl under a freight train and receive an injury thereby that resulted in his death, that then it will be the duty of the jury to find a verdict in favor of the defendant."

We do not perceive any objection whatever to this instruction. It contains a clear, concise and accurate statement of

the law as we understand it to be. If it was not ordinary care and prudence for the deceased though invited to crawl under that freight car in such close proximity to the wheels, knowing that a locomotive engine, with steam up and liable to start at any moment was attached, he certainly could not recover.

The conductor and the deceased might both be grossly negligent, the former for extending the invitation and the latter for accepting it, and if both were grossly negligent or equally in fault, surely appellee could not recover on the ground that the deceased had a right to perform that which he well knew to be a dangerous act, simply because invited. Authority is not necessary. The principle of this instruction has been often settled by our Supreme Court. We do not desire to be understood that a person of ordinary prudence might never be induced to go under a standing train, with engine on and steam up, by such a request, but it was a question of fact for the jury whether it was ordinary prudence to do so in this case under the invitation, and that is all this instruction claimed.

There does not seem to us to be any serious objection to the qualification of the ninth on the subject of damages. It might have been better to use the words of the statute, " such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting," etc., instead of the words " any such pecuniary damages (if any) as result from such death to the widow and next of kin." The idea seems to be in substance the same in the latter words as in the former. The insertion of the words " if such is the proof" was proper enough in the tenth. The insertion of the word " uninvited" in the third was well enough. As the instruction stood when asked, it made the act of the deceased in going under the cars gross negligence without the invitation being taken into account as a fact to be considered by the jury in extenuation of the conduct of the deceased.

As heretofore mentioned, we are disposed to consider the invitation as a circumstance to be taken into account, among others, in determining whether deceased exercised care and caution. " Uninvited," we think under the evidence, means by

34

the conductor, and not by some irresponsible person, as intimated in the brief of appellant.

The words "and proper for the consideration" added to the fourteenth did not injure it in our estimation.

The fifteenth, which was refused, was as follows:

15.  "The jury are instructed, that even though they should believe from the evidence that the bell was not rung, and that the whistle was not sounded on locomotive engine attached to freight train under which deceased was hurt; and if the jury should further believe from the evidence that said freight train blockaded the sidewalk more than thirty minutes, and should further believe from the evidence, that the conductor, Anderson, in charge of said freight train, did say to the deceased prior to his starting under said freight train, "Come on, Mr. Sykes, you have plenty of time," or words of that import, that even then the jury would not be compelled to find a verdict in favor of the plaintiff in the case, but the jury may find a verdict in favor of the defendant."

This was improperly refused for reasons heretofore stated. All these facts mentioned, may exist, and still the jury would not be compelled to find for the plaintiff. Indeed they may all exist, and a verdict for the defendant still be right and proper. The converse or affirmative of it should not have been given on the other side as sufficient to authorize a verdict for plaintiff.

We are not disposed to consider the refusal of the thirteenth and sixteenth as erroneous. They go to the extent that the crawling under the car was gross negligence on the part of the deceased, though he was invited to do so by the conductor; that is, of making it negligence of deceased to prevent a recovery to pass under a freight car, with engine attached and steam up under any circumstances.

In our opinion the court below should have granted a new trial.

For the reasons aforesaid, the judgment is reversed and the cause remanded.

Reversed and remanded.