Flansburg v. Basin.

## ARTHUR FLANSBURG

v.

## JOHN BASIN.

3 531
42 190
3 531
88 427

1. VICIOUS ANIMALS—LIABILITY OF OWNER OF DOG ACCUSTOMED TO BITE.—It is not necessary to show that the keeper of a dog has allowed him to bite a large number of his neighbors, or their animals, before he commences to be liable; but it is enough to show that there is within his knowledge a probability that he may do so. If he have reasonable grounds to suppose that the dog may do so, he must restrain him, or be liable for the consequences.

2. EVIDENCE—IMPEACHMENT.—The jury have a right to believe a witness, notwithstanding they may think his character bad, and the court ought not, by an instruction, tell them that they should not do so. It is not allowed to impeach a witness by proof of general bad character, and an instruction to that effect is bad.

3. JOINT LIABILITY.—The court say that in this case it is not necessary to consider whether there can be a joint liability of owners for a joint attack of their dogs. As it is not so with cattle, it is probably not so with dogs.

APPEAL from the Circuit Court of Henry county; the Hon. ARTHUR A. SMITH, Judge, presiding. Opinion filed May 2, 1879.

Messrs. MOCK & HAND and Mr. THOMAS G. AYRES, for appellant: that under a plea of not guilty in this class of actions, no defense other than such denial is admissible: 1 Addison on Torts, § 585; 2 Whar. on Ev. § 1295.

It was not necessary to prove a series of acts of viciousness: Smith v. Pelot, 2 Str. 1264; Arnold v. Norton, 25 Com. 92; Kittridge v. Elliott, 16 N. H. 77; Loomis v. Terry, 17 Wend. 406; Cockerham v. Nixon, 11 Ired. 269; Mann v. Wieand, 1 Monthly Jur. 94; Worth v. Gilling, L. R. Q. C. P. 1; Judge v. Cox, 1 Stark. 285; Fleming v. Orr, 2 Macq. 25; Meibus v. Dodge, 38 Wis. 300; Rider v. White, 65 N. Y. 54; 1 Addison on Torts. § 290.

After one act of viciousness, if the keeper have notice of such act, and suffer the animal to run at large, he is liable: Laverom v. Mangianti, 41 Cal. 138; Buckly v. Leonard, 4 Denio, 500;

Wheeler v. Brandt, 23 Barr, 324; Loomis v. Terry, 17 Wend, 496; Marsh v. Jones, 21 Vt. 378; Popwell v. Pierce, 10 Cush. 509; Sherfay v. Bartlett, 4 Sneed, 58; Burden v. Barnett, 7 Ala. 169.

The gist of the action is the keeping after knowledge of its vicious propensity: May v. Burgett, 9 O. B. 101; Wheeler v. Brandt, 23 Barr, 324.

An instruction that the dog must attack horses attached to vehicles or the jury could not find defendant guilty, limits plaintiff's right of recovery to an extent not warranted in law, and is erroneous; Chittenden v. Evans, 48 Ill. 52; Bradshaw v. Mayfield, 24 Tex. 481; Smithwick v. Indross, 24 Tex. 488; Roots v. Lyner, 10 Ind. 92; Wells on Questions of Law and Fact, § 407.

It is not the duty of the court to instruct when the instruction assumes facts not proved: I. & St. L. R. R. Co. v. Horst, 9 Chicago Legal News, 114; Michigan Bank v. Eldred, 9 Wall. 544; Ward v. U. S. 14 Wall. 28; Railroad Co. v. Gladden, 15 Wall. 401.

The failure of plaintiff to exercise ordinary care, unless such failure contributed to the injury, will not prevent a recovery: Stumps v. Kelly, 22 Ill. 140; T. W. & W. R. R. Co. v. O'Connor, 77 Ill. 391; C. & A. R. R. Co. v. Mock, 72 Ill. 141; Centralia v. Scott, 59 Ill. 129; C. & A. R. R. Co. v. Murray, 62 Ill. 326; Daniels v. Clegg, 27 Mich.

Instructions should be based on evidence: Coughlin v. The People, 18 Ill. 266; Chapman v. Cawrey, 50 Ill. 512.

A contradiction, in order to affect the credibility of a witness, must be on a material point in issue, and the witness must have willfully sworn falsely: Crabtree v. Hagenbaugh, 25 Ill. 235; Meixell v. Williamson, 35 Ill. 529; Brennan v. The People, 15 Ill. 511: Chicago v. Smith, 48 Ill. 107; U. S. Ex. Co. v. Hutchins, 58 Ill. 44; Pope v. Dodson, 58 Ill. 360; 1 Greenleaf's Ev. § 462.

Proof of general bad character is not sufficient to impeach a witness: Frye v. Bank of Illinois, 11 Ill. 332; Eason v. Chapman, 21 Ill. 33; Crabtree v. Kile, 21 Ill. 180; Dimick v. Downes, 82 Ill. 570; 1 Greenleaf's Ev. § 461.

Flansburg v. Basin.

Upon the question of damages: Fulsom v. Town of Concord, 46 Vt.

Appellant was entitled to a new trial on showing that one of the jurors had falsely stated on his examination that he had no knowledge of the case about to be submitted, when in fact he had full knowledge of all the facts: Nomaque v. The People, Breese, 145; Guykowski v. The People, 1 Scam. 476; Smith v. Eames, 3 Scam. 76; Sellars v. The People, 3 Scam. 412; Vennum v. Harwood, 1 Gilm. 659; Swarnes v. Sitton, 58 Ill. 155; Essex v. McPherson, 64 Ill. 349; Spurck v. Crook, 19 Ill. 415.

It is sufficient if enough of plaintiff's allegations is proved to afford ground for maintaining the action: 1 Phillip on Ev. 504; 2 Chit. Pl. 597; Pickering v. Orange, 1 Scam. 338; Panton v. Holland, 17 Johns. 92.

Where it is apparent the jury misunderstood the evidence or were misled by the instructions, a new trial should be given: Higgins v. Lee, 16 Ill. 495; Robertson v. Dodge, 28 Ill. 161; Southworth v. Hoag, 42 Ill. 446; Haycroft v. Davis, 49 Ill. 445; Booth v. Hyms, 54 Ill. 363; C. B. & Q. R. R. Co. v. Stump, 55 Ill. 367; R. R. I. & St. L. R. R. Co. v. Coultas, 67 Ill. 398.

Messrs. SHEPARD & MARSTON, for appellee; that where the evidence is conflicting, the verdict will not be set aside unless clearly against the weight of evidence, cited C. & R. I. R. R. Co. v. Hutchins, 34 Ill. 108; C. & R. I. R. R. Co. v. Crandall, 41 Ill. 234; T. P. & W. R'y Co. v. McClannon, 41 Ill. 238; Davis v. Hoeppner, 44 Ill. 306; Hope Ins. Co. v. Lonegan, 48 Ill. 49; Sawyer v. Daniels, 48 Ill. 269; C. F. R. & B. Co. v. Jameson, 48 Ill. 281; Palmer v. Weir, 52 Ill. 341; Varner v. Varner, 69 Ill. 445; Kightlinger v. Egan, 75 Ill. 141; Chapman v. Burt, 77 Ill. 337; Summers v. Stark, 76 Ill. 208; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; Bishop v. Busse, 69 Ill. 403; City of Ottawa v. Sweely, 65 Ill. 434.

Even where the evidence was such that the jury would have been justified in finding the other way: C. & N. W. R. R. Co. v. Ryan, 70 Ill. 211; Papineau v. Belgrade, 81 Ill. 61; McClelland v. Mitchell, 82 Ill. 35; Corwith v. Colter, 82 Ill. 585.

Under the general issue in this case defendant could prove any matter tending to show that his dog did not commit the injury:  1 Chi . Pl. 794;  Dean v. Blackwell, 18 Ill. 336.

The owner of domestic animals is liable when, knowing their vicious habits, he keeps them, whether negligent or not: Popplewell v. Pierce, 10 Cush. 509; 1 Hilliard on Torts, 569; Cord v. Case, 5 C. B. 622; 1 Addison on Torts, 283.

But this does not relieve the party injured from the exercise of ordinary care:  Kightlinger v. Egan, 65 Ill. 235; Wormley v. Gregg, 65 Ill. 251.

The instruction in regard to competency of the witnesses was correct: Springdale Cem. Asso'n v. Smith, 24 Ill. 480; Miller v. People, 39 Ill. 457; Crabtree v. Hagenbaugh, 25 Ill. 233.

It is not proper to repeat in an instruction a principle already given in an instruction:  Chicago v. Hesing, 83 Ill . 204; Lonergan v. Courtney, 75 Ill. 580.

Appellant's instruction was properly refused, as it gives undue prominence to parts of the testimony: Hewitt v. Johnson, 72 Ill. 513; Holmes v. Hale, 71 Ill. 552; Ogden v. Kirby, 79 Ill. 555.

Affidavits of jurors cannot be received to show misconduct on the part of one of their number: Cleem v. Smithe, 5 Hill, 560; Dorr v. Fenno, 12 Pick. 521; Hannum v. Belchertown, 19 Pick. 313; Murdock v. Sumner, 22 Pick. 157; Cook v. Castner, 9 Cush. 278; Folsom v. Manchester, 11 Cush. 334; B. & W. R. R. Co. v. Dunn, 1 Gray, 105; Chadbourn v. Franklin, 5 Gray, 212; Allison v. The People, 45 Ill. 37; Peck v. Brewer, 48 Ill. 54.

LELAND, J.  Appellant brought an action on the case against appellee, alleging that he kept a ferocious and mischievous dog, knowing that he was accustomed to attack, chase and bite horses, etc.

In the first count the word "horses" alone is used.  In the second the words "horses as well as other domestic animals" are used, and in the third count the words are "horses and teams attached to vehicles."  It is also alleged that appellant

Flansburg v. Basin.

on May 25th, 1875, was going home from a debate at the school house one night, on horse-back, and that when passing along the road in front of appellee's house, the said dog came out and bit his horse, and that thereupon the horse threw him and broke his leg.    The verdict was in favor of appellee.

Basin and his son-in-law, Robert Julian, lived opposite each other, and the two together had three dogs; appellee had a large black and white one and a little rat terrier, and Julian had a common yellow shepherd slut.    All three were either principals or accessories in the attack — all joined in barking extensively.    Appellant says however, that it was the large black and white one which bit his horse, and he is the only person who could tell how it was.    It is not necessary to consider whether there can be joint liability of owners, for a joint attack of their dogs; as it is not so with cattle, it is probably not so with dogs.    Westgate v. Carr, 43 Ill. 450.

We are not disposed to find any fault with the court below for allowing it to be proved whether the slut or the large black and white dog actually did do the biting, by showing which one was the more likely to have done so, by proving which one's daily habits of life were of a biting, and which of a mere barking character.    If the difference of size and sex would raise any presumptions, it would seem proper to explain and rebut them in this way, as tending to show that appellant was mistaken.

The questions of fact are quite elaborately discussed, but we deem it only necessary to say on that subject, that if there were no erroneous ruling, a verdict either way should stand, unless one for plaintiff were for an excessive amount, and that in such case of conflict there should be reversal for error in instructions.

If the allegations in the declaration had been that appellee was the owner of the dog, instead of that he kept the dog, it would seem under the authority of Wormley v. Gregg, 65 Ill. 251, that the case for appellant would have been stronger. Before examining the instruction, we may say on the subject of dogs generally, that their rights are better protected now than they were in more barbarous times.    In Smith v. Pelah, 2 Strange, 1264, the Chief Justice ruled that "if a dog has once bit a man, and the owner having notice thereof keeps the

dog and lets him go about or lie at his door—an action will lie against him at the suit of a person who is bit, though it happened by such person's treading on the dog's toes, for it was owing to his not hanging the dog on the first notice; and the safety of the king's subjects ought not afterwards to be endangered."

In Kightlinger v. Egan, 65 Ill. 235, Justice Sheldon, in a more just and humane spirit, ruled that a dog wantonly kicked, might lawfully bite in self-defense. The dog in this case, however, would not be justified, after his passions had had time to cool, in making the attack, simply because appellant may have two or three months before, unnecessarily struck at him with a whipstock while passing.

The second instruction given for appellee, was to the effect that unless the dog was accustomed to chase and bite horses and teams hitched to vehicles, there could be no recovery.

Under the first and second counts, there could be a recovery, though the dog was accustomed to attack horses, or other domestic animals not attached to vehicles, and always avoided doing so whenever they were so attached.

That a dog like men, may have idiosyncracies, is not only a well known fact, but it has the sanction of judicial authority. It is held in Kightlinger v. Egan, *supra*, that a "dog might have been of savage and ferocious disposition as respected other animals, and yet of a different disposition toward persons."

Why might not the dog have had the disposition to attack horses without riders, or one with a rider, and yet have refrained, from prudential motives, when there was an ally of the horse or horses, who could defend them from the fortified position of a two-horse wagon, or a buggy? If the dog had chased and bitten animals before, or shown a disposition to do so, and the keeper knew it, he must restrain him or take the consequences; see Stumps v. Kelly, 22 Ill., 140, where the law and the gospel on the subject are well considered by Justice Walker. It is not necessary that the inclination to do so should have become fixed and customary. If it be only on rare occasions, with the keepers knowledge, it is enough. It is not necessary to prove all that is alleged, but only enough to make a cause of action, under some one count.

Flansburg v. Basin.

We perceive no objection to the third of appellee's given instructions. If the jury could not tell from the evidence whether it was Julian's slut or appellee's dog which caused the horse to throw his rider, they cannot say that appellee's dog did it. ·

The fourth improperly calls attention to particular portions of the evidence, for the consideration of the jury, viz.: whipping up the horse, striking at the dogs with a rope halter, and the skittishness of the horse, giving them undue prominence. Frame v. Badger, 79 Ill. 441; Ogden v. Kirby, 79 Ill. 556; McCartney, v. McMullen, 38 Ill. 237; Evans v. George, 80 Ill. 51; Hatch v. Marsh, 71 Ill. 370. Though for this alone there might not be a reversal. Grube v. Nichols, 36 Ill. 92.

It is also said that a failure to exercise ordinary care in either one of these particulars, though it may not in any respect have tended to cause the fall from the horse, will prevent a recovery.

Appellant may not have struck at the dog with ordinary care, and yet this may not have had anything to do with causing the rider to be thrown. City of Centralia v. Scott, 59 Ill. 129. Of course, if the negligence, if any, of appellant, did not contribute to the fall, it is immaterial. C. & A. R. R. Co. v. Murray, 62 Ill. 326.

By the 6th, the jury are informed that they should entirely disregard the evidence of witnesses, who have been successfully impeached by direct contradiction, or proof of general character, except where corroborated by other competent evidence.

The jury have a right to believe a witness, notwithstanding they may think his character bad. The worst man and the greatest liar must be believed under some circumstances, and the court ought not to have said to the jury that they should not do so, instead of saying that they may do so or not, as they think best. Jurors, not judges, are to determine the weight to be given to evidence. Suppose there are but two witnesses, and they flatly contradict each other, may not the appearance and manner of testifying of the one, or the greater probability of his tale, turn the scale, and would a jury thus instructed consider such things as other competent evidence? Nor is it true that proof that a man's character is bad would render it necessary

for a jury, who did not desire to, to disregard his evidence entirely. Men who are very bad in some other respects, may not be untruthful. Even though all the people in his neighborhood might swear that a witness's character for truth was bad, and that they would not believe him on oath, this does not take away from the jury their right to believe him, and a court should not tell them that it did. It is not allowed in this State to prove that a witness's general character is bad in order to impeach him, and consequently an instruction which says it does, is bad; it must be limited to character for truth and veracity. Other defects in the instruction are pointed out, but it is not necessary to pursue this subject further.

The modification of appellant's 1st, 2nd, 4th and 10th instructions was proper. We understand the law in this State to be that plaintiff must prove affirmatively that he exercised ordinary care, or the negative, that he was not negligent, whichever way it may be stated. Dyer v. Talcott, 16 Ill. 300; C. B. & Q. etc. v. Gregory, 58 Ill. 272, and not that each party must prove the opponent's negligence—the plaintiff to entitle him to recover, and the defendant to prevent a recovery, as is held in some other States. Shearman & Redfield on Negligence, sections 43 and 44, and notes. This is an exception to a general rule, which allows that a necessary element of a plaintiff's case need not be alleged, but requires that it must be proved. C. & N. W. R. R. Co. v. Cross, 73 Ill. 394. The Appellate Court of this district has held that an instruction is erroneous under the foregoing authorities and others, which states that "if there is no proof of a want of care on the part of the plaintiff, it should be presumed that she was careful rather than that she was careless." City of Mendota v. Fay, 1 Bradwell, 418. In the case of the C. B. & Q. R. R. Co. v. Van Patten, 74 Ill. on p. 94, it is, however, perhaps inaccurately intimated that where there is no evidence of what the intestate's conduct was, plaintiff, who was administratrix, might recover upon proof of defendant's negligence only. Inaccurate, because if such be a necessary element of plaintiff's case, then under the maxim that "what doth not appear doth not exist," plaintiff fails to make a case; and not unlike this last case is that

of Ill. Cent. R. R. Co. v. Cragin, Adm. 71 Ill.; see the 7th instruction on p. 184.

Appellant's 6th instruction, being on the measure of damages, and there not having been any to measure, it is unimportant whether it was correct or not. There was no error in the refusal of the seventh instruction asked by appellant, but we do not deem it necessary to comment on this, nor on the questions as to the supposed misconduct of the juror.

We select from appellant's brief, the following cases, explanatory of the views taken in this opinion, as to the liability in such cases. Arnold v. Norton, 25 Conn. 92; Loomis v. Berry, 17 Wend. 496; Meibus v. Dodge, 38 Wis. 300; Wheeler v. Brant, 23 Barb. 324; Marsh v. Jones, 21 Vermont, 378; Rider v. White, 65 N. Y. 54; Laveroue v. Mangiante, 41 Cal. 138; Popwell v. Pierce, 10 Cush. 509; Sherfay v. Bartlett, 4 Sneed, 58; Shearman & Redfield on Negligence, section 190, and following sections: from which it will appear that it is not necessary to show that the keeper of the dog has allowed him to bite a very large number of his neighbors or their animals, before he commences to be liable, but that it is enough to show that there is, with his knowledge, a probability that he may do so. If he have reasonable grounds to suppose that the dog may do so, he must restrain him, or take the consequences.

For the errors aforesaid, the judgment is reversed and the cause remanded.