CITY OF WINCHESTER

v.

HENRY CASE.

</div>

COMPARATIVE NEGLIGENCE.—Where a party claims damages for an injury resulting from the negligence of another, he must show, either that he was free from and the defendant was guilty of negligence; or, if the plaintiff was guilty of negligence, that such negligence was slight and that of the defendant gross in comparison.

ERROR to the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed December 11, 1879.

Messrs. WARREN & WHITE and Mr. J. G. HENDERSON, for plaintiff in error; that a witness may be discredited by proving he was drunk at the time the transaction he undertakes to relate took place, cited Fleming v. State, 5 Humph. 564.

Instructions must be based on the evidence: C. R. I. & P. R. R. Co. v. Austin, 69 Ill. 426.

An instruction assuming a fact as proved is erroneous: Estep v. Fenton, 66 Ill. 467; Adams v. Smith, 58 Ill. 417.

Special damages are not implied by law: Olmstead v. Burke, 25 Ill. 86; 1 Chitty's Pl. 396.

Instructions should be based on the issues submitted to the jury: Piatt v. The People, 29 Ill. 72; Rockford Ins. Co. v. Nelson, 65 Ill. 415; Seckel v. Scott, 66 Ill. 106; Hewitt v. Johnson, 72 Ill. 513; Mason v. Jones, 36 Ill. 212; Badlett v. Cunningham, 85 Ill. 22; C. & A. R. R. Co. v. Mock, 72 Ill. 141; Stout v. McAdams, 2 Scam. 67; Hamit v. Thompson, 46 Ill. 460; Harris v. Miner, 28 Ill. 136; O'Brien v. Palmer, 49 Ill. 72; Albrecht v. Walker, 73 Ill. 69; Evans v. George, 80 Ill. 51.

Evidence of a special damage other than that alleged is irrelevant: Chicago v. O'Brennan, 65 Ill. 160; Barrelett v. Bellgard, 71 Ill. 280.

As to the rule of comparative negligence: G. & C. U. R. R. Co. v. Jacobs, 20 Ill. 478; Ill. Cent. R. R. Co. v. Benton, 69 Ill. 174; T. W. & W. R. R. Co. v. McGinnis, 71 Ill. 346; Ill. Cent. R. R. Co. v. Hall, 72 Ill. 222; R. R. I. & St. L. R. R. Co. v. Hilmer, 72 Ill. 235; Ill. Cent. R. R. Co. v. Hammer, 72 Ill. 347; C. & N. W. R. R. Co. v. Donahue, 75 Ill. 106; I. B. & W. R. R. Co. v. Flanigan, 77 Ill. 365; C. & A. R. R. Co. v. Mock, 72 Ill. 141.

The jury should be instructed to found their belief upon the evidence in the case: Mathews v. Hamilton, 23 Ill. 470; Miller v. Balthasser, 78 Ill. 202; Gizler v. Witzel, 82 Ill. 322; Freeport v. Isbell, 83 Ill. 441.

Plaintiff must prove that he was in the exercise of due care when the injury occurred: C. B. & Q. R. R. Co. v. Damerell, 81 Ill. 450; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; Bridenthal v. Davidson, 61 Ill. 460.

Messrs. Brown, Kirby & Russell, and Mr. Henry Case, for defendant in error; that the verdict will not be disturbed unless clearly against the weight of evidence, cited T. W. & W. R. R.

Co. v. Moore, 77 Ill. 217; Kightlinger v. Egan, 75 Ill. 141; Simons v. Waldron, 70 Ill. 281; Connelly v. The People, 81 Ill. 379 Chapman v. Burt, 77 Ill. 337; Bishop v. Busse, 69 Ill. 403; Wiggins Ferry Co. v. Higgins, 72 Ill. 517.

After a party has closed his evidence it is in the discretion of the court to permit him to give further testimony: Wickencamp v. Wickencamp, 77 Ill. 92; Wilborn v. Odell, 29 Ill. 458; Rowley v. Hughes, 40 Ill. 316; Chillicothe R. R. Co. v. Jameson, 48 Ill. 281;   C. & I. R. R. Co. v. Duggan, 60 Ill. 137.

A court is not bound to repeat the same principle in different instructions: Chicago v. Hesing, 83 Ill. 204; Lycoming Fire Ins. Co. v. Jackson, 83 Ill. 302; Allen v. The People, 77 Ill. 484.

It is not error to modify an instruction so as to state a correct legal principle: Meyer v. Mead, 83 Ill. 19.

McCulloch, J.   This was a suit brought by defendant in error to recover damages resulting from a fall received by him while passing along one of the sidewalks in Winchester, which is alleged to have been in an unsafe condition, through the negligence of the municipal authorities.   There does not appear to be much dispute as to the unsafe condition of the sidewalk where defendant in error fell, it being a cellar-door laid in and forming a part of the sidewalk, the same being in a damaged condition.   Nor is it seriously contended that the proper care and caution had been observed by the authorities in keeping the sidewalk at that place in a reasonably safe condition.   The defense mainly relied upon was that defendant in error was guilty of such a degree of negligence contributing to the injury as would prevent his recovery of damages in this suit. Upon this point the evidence was very contradictory and called for accurate instructions to the jury.   The court gave but one instruction and that upon the part of the defendant in error, intended to lay down the rule of law governing questions of this character.   It is as follows:

" The court also instructs the jury that under the laws of this State a party complaining of another, is not bound to show himself to be absolutely free from all fault or negligence,

City of Winchester v. Case.

and in this case, even though the evidence shows that the plaintiff was guilty of a slight degree of negligence, yet, if from a consideration of all the facts and circumstances in evidence, the jury find that the negligence of the plaintiff was only slight as compared with that of the defendant, and that the defendant was guilty of a much greater degree of negligence than the plaintiff, which the jury find was the primary cause of the injuries, then such negligence of the plaintiff would not prevent his recovery."

Defendant in error might be guilty of a slight degree of negligence as compared with that of plaintiff in error, and plaintiff might be guilty of a much greater degree of negligence than defendant in error without being liable for such negligence. This instruction does not meet the requirements of the rule of law upon this subject which prevails in this State. In Chi. & N. W. Railway Co. v. Coss, 73 Ill. 394, the rule is tersely stated in these words: " A party receiving injury must show either that he is himself free from and the defendant is guilty of negligence, or if the plaintiff is guilty of negligence, that it is slight and that of the defendant is gross or wanton, or the injury is willfully inflicted." In a very recent case, C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425, it is said: " The doctrine of comparative negligence recognized by this court is, that although the plaintiff may have been guilty of slight negligence, contributing to the injury complained of, this will not bar a recovery provided the negligence of the defendant resulting in the injury was gross in comparison with that of the plaintiff." Slight negligence on the part of the person injured can therefore be excused only by the gross or wanton negligence or the willful acts of the person causing the injury. And in the last case cited it is further said: "The jury must be told, to authorize a recovery, it must appear from the evidence that the negligence of the plaintiff is slight and that of the defendant is gross in comparison with each other, and it will not be sufficient simply to say the plaintiff may recover though negligent, provided his negligence is slight in comparison with that of the defendant."

Both of the elements of the proposition, namely, the slight

degree of negligence of the plaintiff, and the gross negligence or willful acts of the defendant must be embraced in the instructions to the jury upon this question.    To the same effect is the case of East St. Louis Packing Co. v. Hightower, 6 Weekly Jurist, 408; and also the well considered case of The President, etc., v. Carter (2 Bradwell, 34), decided by the Appellate Court for the Second District.    This instruction, as given, was therefore erroneous.

Several other alleged errors have been urged upon our attention with great earnestness, but we do not deem it necessary to consider them, as this one error is in itself sufficient to reverse the case, and we feel persuaded that on another trial the other causes of error complained of will be avoided.    The judgment of the Circuit Court is reversed, and a new trial awarded.

Reversed and remanded.