FREDERICK W. HELMKE, Respondent, *v.* HENRY I. STETLER, Appellant.

*Duty of an employer to warn an employee of the vicious propensity of a horse furnished for the latter's use.*

It is the duty of employers in all cases and under all circumstances to exercise care and prudence to protect their employees from exposure to unreasonable danger ; and in all cases where the danger is not apparent and visible, it is the duty of the employer to warn his servant of the risk he is about to assume.

An employer who knows that a horse owned by him is vicious is bound to give warning thereof to an employee for whose use the horse is furnished, and the omission of that duty will impose on the employer a liability for an injury inflicted by the horse upon the employee.

APPEAL by the defendant, Henry I. Stetler, from a judgment of the Supreme Court, entered in the office of the clerk of Rockland county on the 4th day of October, 1892, upon a verdict in favor of the plaintiff rendered at the Rockland Circuit, and from an order denying a motion for a new trial made upon the minutes.

*Abram A. Demarest*, for the appellant.

*C. P. Hoffman*, for the respondent.

DYKMAN, J. :

This is an action for the recovery of damages resulting to the plaintiff from a kick of a horse.

The plaintiff was in the employ of the defendant as a foreman upon his farm in Rockland county, and this horse was furnished to the plaintiff by the defendant to be used in the course of his business.

The testimony of the plaintiff was that while he was driving the animal along the road at a moderate rate of speed she suddenly kicked off the dashboard, and immediately gave another kick so high that her heels struck the knee of the plaintiff and inflicted

upon him a very serious and dangerous injury. There was no dispute about these facts.

The plaintiff and another witness gave testimony which tended to show that the defendant knew that the same animal had kicked a a man before while he owned her.

The jury was carefully and correctly instructed respecting the law which controls the case by the trial judge and the plaintiff recovered a verdict of $1,000.

We must, therefore, assume that all the questions of fact were found in favor of the plaintiff, and that being the case this appeal cannot prevail.

This is an appeal from the judgment and order denying the motion for a new trial upon the minutes of the court.

It is the duty of employers in all cases and under all circumstances to exercise care and prudence to protect those in their employment from exposure to unreasonable danger.

In all cases where the danger is not apparent and visible, it is the duty of the employer to warn his servant of the risk he is about to assume.

That rule applied to this case required the defendant to inform the plaintiff of the vicious propensity of the horse which was furnished for his use, as the jury has found that such propensity was known to the defendant.

The defendant gave the plaintiff no such warning, as the jury must also have found under the charge of the trial judge.

That omission of duty was sufficient to impose liability upon the defendant for injury which resulted to the plaintiff from the kick of the horse.

If the defendant had informed the plaintiff of the vice of this animal, he could have exercised his discretion in respect to the acceptance of the service, and if he had accepted the position and consented to use her he would have been forewarned of his danger and conducted himself accordingly.

But without notice or warning he had the right to assume that the defendant had exercised proper care in the selection of the implements and agencies with which he was to prosecute his service, and being thus lulled into security he was unprepared for the sudden outbreak of violence which caused his injury.

These are familiar principles applicable to all cases of this character and require no reference to authority for their support.

The appeal cannot, therefore, prevail, and the judgment and, order must be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.