JULIA BENOIT, by PETER BENOIT, her Guardian ad Litem, etc., Plaintiff, *v.* THE TROY AND LANSINGBURGH RAILROAD COMPANY, Defendant.

*Liability of the owner of vicious animals — damages caused by a runaway — the character of the horses and vehicle is a question for the jury — what justifies a finding that certain horses were vicious and their owner negligent.*

The owner of dangerous or vicious animals, who has notice of their vicious character, is liable for damage done by them.

In an action brought to recover damages for injuries alleged to have been sustained through the running away of the defendant's team of horses, where it was shown upon the trial that the horses, before the accident, had run away on one occasion, of which fact the superintendent of the defendant had notice, it is proper to submit to the jury the question whether the horses were vicious or dangerous in character.

The jury in such an action may properly find that a team, which became frightened and uncontrollable at a very ordinary occurrence on a public street, was dangerous and vicious, and that its owner, having notice of the character of the horses, was negligent in again sending them with the same driver and with the same sled to the same place where they had before been frightened.

It is a proper question for the consideration of the jury in such an action whether the sled, used by the defendant as a vehicle before which to drive such team, was a safe one for the purpose.

MOTION by the plaintiff, Julia Benoit, by Peter Benoit, her guardian *ad litem*, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, after a judgment of nonsuit rendered at the Albany Circuit on the 3d day of May, 1893.

*James F. Crawford* and *Galen R. Hitt*, for the plaintiff.

*R. A. Parmenter*, for the defendant.

PER CURIAM :

Plaintiff, an infant seven years of age, was injured by a span of horses belonging to defendant, while they were running away on Ontario street in the city of Cohoes. The complaint alleges that the horses were addicted to running away, to defendant's knowledge, and also that the sled or vehicle before which they were being driven at the time of the accident was defective, not affording sufficient

means to control them, and hence that the injury to plaintiff resulted from negligence on the part of defendant.

The trial judge nonsuited the plaintiff.

The only matter for our consideration is whether on the evidence given, the question of the defendant's negligence should have been submitted to the jury. It is not denied that the owner of dangerous or vicious animals, with notice, is liable for damages done by them. (*Van Leuven* v. *Lyke,* 1 Comst. 515; *Dickson* v. *McCoy,* 39 N. Y. 400–403.)

Had this case been submitted to the jury, they could have found from the testimony that the team which injured the plaintiff had run away twice before the injury. If, however, it had been made to appear that the horses, before the accident, had run away only on one occasion, of which fact it was shown that the superintendent of defendant had notice, we think that a submission to the jury of the question as to the vicious or dangerous character of the horses would have been proper. (*Helmke* v. *Stetler,* 52 N. Y. St. Repr. 528; *Kittredge* v. *Elliott,* 16 N. H. 77; *Arnold* v. *Norton,* 25 Conn. 92.)

The jury, if allowed to pass on the questions of fact raised by the pleadings, therefore, would have been justified in finding that a week before the injury to plaintiff, the same horses which caused the injury, in passing some school children "snow balling" in the street — one of the horses being struck by a snow ball — became frightened and unmanageable, so that the driver was unable to control them; that with knowledge of this fact defendant, on the occasion of the injury to plaintiff, allowed the same team, driven before the same sled by the same driver, to go over the same route and by the same school where the team was frightened as before, and again became uncontrollable and ran away, causing the injury to this plaintiff for which this action was brought.

We think that the evidence was such that the case should have gone to the jury. The jury could have properly found that a team which became frightened and uncontrollable at a very ordinary occurrence in a public street was dangerous and vicious — and that defendant, having notice of the character of the horses, was negligent in again sending them with the same driver and sled, and on the same route where they were before frightened.

We also think that it was a question proper for the consideration of the jury whether the sled used by defendant as a vehicle before which to drive the team to the barn, was a safe one for the purpose. There should be a new trial, with costs to abide the event.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Judgment reversed and new trial granted, costs to abide the event.