The inhabitants of the town of BOZRAH *against* The inhabitants of the town of STONINGTON.

A child not emancipated, after the death of his father, from whom he had derived a settlement, takes the settlement of his mother, acquired in her own right.

The mere fact that a child has left the family, and is not subject to the actual controul, of his parent, does not constitute an emancipation.

This was an action of *assumpsit,* for supplies furnished to, and money laid out and expended for the support of, *Mulford Babcock,* and his wife and minor children, from the 20th of *June,* 1817, to the 20th of *May,* 1820, alleged to have been legally settled inhabitants of the town of *Stonington,* residing in *Bozrah,* sick and needing relief.

The cause was tried at *New-London, October* term, 1821, before *Peters,* J.

*Mulford Babcock,* the pauper, was the legitimate son of *Abel Babcock* and *Elizabeth,* his wife. *Abel Babcock* was a settled inhabitant of *Groton,* and died in *November,* 1787, when *Mulford* was about twelve years old. *Elizabeth Babcock* resided in *Stonington,* from the death of her husband, until *July,* 1795, and by such residence acquired a settlement there. *Mulford,* after the death of his father, lived with his mother in *Stonington,* four months, and afterwards in various other families in that town, chiefly in that part which is now *North-Stonington,* until *June,* 1790, when his mother, having been appointed his guardian, bound him as an apprentice to *Christopher Raymond,* of *Montville,* until he arrived to the age of twenty years. In *July,* 1795, he, with his mother, removed into *Colchester;* and during their continuance there, she was possessed in fee, in her own right, of real estate, of the value of one hundred dollars.

There was no question with regard to the amount, or the necessity, of the supplies furnished; nor as to the notice given.

The defendants introduced testimony to prove, and claim-

ed that they had proved, that *Mulford Babcock* was under the age of twenty-one years during the time his mother resided in *Colchester ;* and that after he arrived to the age of twenty-one years, he resided six years in *Bozrah* before he became chargeable to any town.

The judge instructed the jury as follows : " From the facts admitted, the court is of opinion, that the settlement of *Mulford Babcock,* derived from his father, was in *Groton ;* that after the death of his father, he acquired a settlement in *Stonington,* by the residence of his mother in that town, more than one year, with him during his minority ; and that the plaintiffs are entitled to recover, unless you find, that *Mulford Babcock* was under the age of twenty-one years, during some part of the time when his mother resided in *Colchester,* and was possessed of a real estate of the value of one hundred dollars,—or unless you find, that after he arrived to the age of twenty-one years, he resided in *Bozrah* six years before he became chargeable to any town."

The jury returned a verdict for the plaintiffs ; and the defendants moved for a new trial, on the ground of a misdirection.

*Cleaveland,* in support of the motion, contended, That the pauper, having derived a settlement from his father in *Groton,* could not be divested of it, by the settlement subsequently acquired by his mother in *Stonington.* The general principle on which a derivative settlement is communicated, is, that the person from whom it is derived, is the one on whom the person deriving it depends for support, the former having the controul of the person of the latter, and a right to his services. It does not appear, that such was the situation of the pauper and his mother, at the time of her residence in *Stonington.* In *England,* it has been decided, that a child *may* derive a settlement from his mother after the death of his father ; but in *Paulsbury* v. *Wooden,* 2 *Stra.* 746. the court said, that if it had been *res integra,* they should have doubted whether a settlement gained under the *head* of the family, could be divested, by a derivative one from an *inferior.* Here it is *res integra ;* and this Court are at liberty to decide it upon *principle.*

*H. Strong,* contra, insisted, 1. That children, until emancipated, take the settlement of the father, and after his decease, the settlement of the mother, acquired in her own

right. 1 *Bla. Comm.* 363. n. 25. by *Christian. Woodend* v. *Paulsbury,* 2 *Ld. Raym.* 1473. *St. Catherine's* v. *St. George's,* cited 2 *Ld. Raym.* 1474. *Dedham* v. *Natick,* 16 *Mass. Rep.* 135. *East-Hartford* v. *Middletown,* 1 *Root* 196. *Windsor* v. *Hartford,* 2 *Conn. Rep.* 355.

2. That emancipation is not to be *presumed. Somerset* v. *Dighton,* 12 *Mass. Rep.* 387.

3. That the facts in this case do not shew an emancipation. *The King* v. *Offchurch,* 3 *Term Rep.* 114. *The King* v. *Edgeworth,* 3 *Term Rep.* 353. *The King* v. *Witton* cum *Twambrookes,* 3 *Term Rep.* 355.

*Goddard,* on the same side, was stopped by the Court.

HOSMER, Ch. J.  The settlement of the pauper, during his minority, and until he has become emancipated, equally follows that of the father and that of the mother, acquired in her own right. *Dedham* v. *Natick,* 16 *Mass. Rep.* 135. *Newtown* v. *Stratford,* 3 *Conn. Rep.* 600. If of sufficient ability, the obligation of a mother to provide for her children is the same as that of the father; and hence, on the same principles, a settlement is indifferently derived from either. Whether the pauper was actually residing in the family of the mother, is no material question; but the only enquiry is, was he emancipated? If having attained the age of twenty-one years, he has left his parent's house, or has become married, or has gained a settlement in his own right, or has contracted a relation inconsistent with the idea of a subordinate situation in his parent's family, his emancipation is complete, and he has severed the tie which might confer on him a settlement by derivation. *The King* v. *The Inhabitants of Offchurch,* 3 *Term Rep.* 114. *The King* v. *The Inhabitants of Edgeworth,* 3 *Term Rep.* 353. *The King* v. *The Inhabitants of Witton* cum *Twambrookes,* 3 *Term Rep.* 355. *The King* v. *The Inhabitants of Roach,* 6 *Term Rep.* 247. 254. *The King* v. *The Inhabitants of Halifax, Burr. S. C.* 806. *The King* v. *The Inhabitants of Woburn,* 8 *Term Rep.* 479. In the case of *The King* v. *The Inhabitants of Witton* cum *Twambrookes,* the pauper, at the early age of six years, left his father's family, and worked for various persons, at his own pleasure, without the exercise of any controul over him; during which period, his father obtained a settlement, and not having been emancipated, the son was adjudged to be invested with the last settlement. " It was never conceived,"

New-London,
July,
1822.

Bozrah
v.
Stonington.

New-London,
July,
1822.

Bozrah
v.
Stonington.

said Lord *Kenyon*, "in any case, that a son, who was only sixteen years of age, and who had not gained any settlement in his own right, was not part of his father's family." "In this case," *Buller*, J. said, " the pauper remained *under the power* of his father the whole time."

The settlement of the pauper's mother in *Stonington*, was his settlement by derivation; and under the charge of the court, it is indisputably clear, that he has acquired no subsequent settlement.

The other Judges were of the same opinion.

New trial not to be granted.