ARNOLD *vs.* NORTON.

There is no rule which requires any particular number of instances of unprovoked biting, to prove a mischievous disposition in a dog, to bite mankind.

In an action on the case for an injury to the plaintiff's minor son, occasioned by being bitten by the defendant's dog, the judge instructed the jury that in similar cases, full and satisfactory proof of a single instance of biting mankind by a dog, previously to the act complained of, and of the defendans't

Arnold *v.* Norton.

knowledge of said act, had been held sufficient to warrant a jury in finding a verdict for the plaintiff; and added, that the force of such testimony would depend much upon the attending circumstances. Held, that as a guide to the jury in weighing the evidence before them, such instruction was unexceptionable, and sustained by the authorities.

The plaintiff, on the trial of such action, having testified that shortly before the injury he had agreed to give his son fifty cents for every day he would labor for the plaintiff, but without intending to give his son his time, and merely as an incentive to industry, and that his son, having labored several days under the agreement prior to the injury, was prevented·by it from further labor until the expiration of several months, the defendant requested the court to instruct the jury that these facts amounted in law to a ·elinquishment of the son's services. The court refused to comply with this request, but affirmed the principle, that the plaintiff could make such relinquishment; and if he had done so, he could recover no damages for the loss of services during the period; and submitted to them the question of such relin. quishment as one of fact. Held, that the course taken by the court was correct. Held also, that for the purpose of showing the amount of expense and trouble to which he was subjected in taking care of his son, the plaintiff might prove the extent of the injury occasioned by the bite of the dog, and of the corporal suffering and pain of his son.

Isaac Arnold, the plaintiff, brought his action of trespass on the case against Norton, the defendant, before the superior court for the counties of Middlesex and Tolland; alleging that the defendant kept a certain dog which he knew was accustomed to bite mankind, and that on the 21st day of May, 1853, the dog attacked and bit Isaac Arnold, Jr., the minor son and servant of the plaintiff, by means whereof his said son became lame, &c.

The general issue was pleaded and the cause was tried at the term of said court holden in November, 1855.

The plaintiff claimed upon the trial that the defendant's dog was unrestrained and at large when he committed the injury complained of, and was accustomed to bite mankind, and that the defendant knew that his dog was so accustomed to bite; and for the purpose of proving the habit of the dog, the plaintiff offered witnesses, who testified that said dog had, before the act complained of in the plaintiff's declaration, bitten other persons. The defendant offered several witnesses who testified that they frequently saw the dog, that he was of a peaceable, quiet disposition, and not addicted to biting mankind.

The defendant further claimed, and asked the court to instruct the jury, that in order to render the defendant liable in the present action, it was necessary for the plaintiff to prove that the dog had a habit of biting mankind, and that his habit of doing so was known to the defendant. The court instructed the jury that to enable the plaintiff to recover, he must prove that the dog was accustomed to bite mankind, and that it must also be proved that the defendant had knowledge that he was so accustomed to bite; that if a single instance of biting mankind previous to the act complained of in the declaration, was fully and satisfactorily proved to the jury, and a knowledge of such act on the part of the defendant was proved in like manner, that had been held sufficient to warrant a jury in finding a verdict for the plaintiff in cases of this kind, but that the force of such testimony would depend much upon the circumstances attending the transaction, as whether they indicated a disposition to bite without provocation, or the contrary.

The plaintiff claimed to recover for the loss of the services for several months of his minor son, occasioned by the bite complained of. The plaintiff on the trial testified that shortly previous to the injury, he had agreed to give his son fifty cents a day for every day during the season that he would labor for the plaintiff at a quarry belonging to the plaintiff and others, and that prior to the injury his son had performed several days' labor at the quarry under the agreement, but was prevented, by the injury, from further labor until after the expiration of several months; that he offered his son this money without any expectation of giving him his time, but merely as an incentive to his industry. The defendant requested the court to charge the jury, that these facts amounted in law to a relinquishment by the plaintiff of his right to his son's services during the season. The court did not so instruct the jury, but did charge them that a father could, by law, relinquish his right to the services of his minor son, and if the jury were satisfied that any such contract of relinquishment was proved, then they could give the plaintiff no damage for the loss of services during the period of such relinquish-

ment, but that the facts proved did not, in the opinion of the court, necessarily amount to such relinquishment. And further, that the plaintiff was by law entitled to the service of his minor son, and if the promise to pay wages was founded upon no other consideration than an agreement by the son to do that, which by law he was bound to do without such agreement, then the promise of wages would seem to the court to be without any sufficient consideration to support it.

In the progress of the trial, the plaintiff offered his minor son as a witness to prove the extent of the injury suffered by the bite of the dog, and also to prove his corporal suffering and pain, to which the defendant objected; but the court admitted the testimony for the purpose of showing the expense and trouble of the plaintiff in nursing and taking care of his son, and directed the jury to consider the evidence only for that purpose.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial.

*Chapman* and *Tyler*, in support of the motion.

*Clark* and *W. D. Shipman*, against the motion.

STORRS, J.   1. No objection is made to any part of the charge below upon the questions of fact on which depended the liability of the defendant for the acts of his dog, except to that in which the judge informed the jury that in cases of this kind, full and satisfactory proof of a single instance of biting mankind by a dog, previous to the act complained of, and of a knowledge of such act on the part of the defendant, had been held sufficient to warrant a jury in finding a verdict for the plaintiff. The judge added, that the force of such testimony would depend much upon the circumstances attending the transaction, as whether it indicated a disposition to bite without provocation, or the contrary. As a guide to the jury in applying and weighing the evidence before them, this part of the charge was unexceptionable, and adapted to the case, and is fully sustained by the authorities. There is no rule which requires any particular number of

instances of unprovoked biting, in order to prove past mischievous disposition. 2 Esp., 602. *Jenkins* v. *Turner,* 1 Ld. Raym., 118. 2 Stra., 1264. *Smith* v. *Black,* 1 Sw. Dig., 551. *Jones* v. *Perry,* 2 Esp., 482.

2. The defendant excepts to that part of the charge which related to the relinquishment by the plaintiff of his son's services. The judge below expressly affirmed the principle asserted in the defendant's claim, that the plaintiff could by law relinquish his right to the services of his minor son for a particular time, and that if there was such a relinquishment, he could recover no damages for the loss of those services during that period. The correctness of this ruling need not be examined. It was favorable to the defendant, and he, therefore, cannot complain of it. But he requested the judge to charge the jury that the facts testified to by the plaintiff, amounted in law to such a relinquishment. This he omitted to do, and submitted to them the question of relinquishment as one of fact. Of this omission the defendant complains. In our opinion the course taken was correct. As a question of fact, the defendant might very properly claim that, from this testimony, the truth of which or any part of which he was at liberty to deny, a relinquishment or transfer to the son, of the father's right to his services, was fairly inferable ; but it is obvious that, taking all this testimony to be true, as we must on the question of law now made by the defendant, it proved the terms of the agreement between the plaintiff and his son to be such, that it not only did not import, that there was such a relinquishment or transfer, but that it expressly imported the contrary ; for the plaintiff testified that what he agreed to give to his son, was offered to him without any understanding that he was to give him his time, but merely as an incentive to his industry. This showed that it was not their intention that the son should receive it as one liberated from the control of his father, and having the disposal of his own time, and the benefit of his own services, or that he was to labor as one employed on wages, but rather as a mere gratuity, to encourage him to the formation of industrious and useful habits. By this agreement, the son

was to labor in the employ, and on the behalf, and for the benefit of his father exclusively, and in this respect this case is distinguishable from those which have been referred to on this subject, where the father allowed his son to make a contract on his own behalf with other persons.

The son, in this case, moreover, was not engaged to labor for any particular time; it was optional with him for how many days he would work at the quarry, or, indeed, whether he would work there at all, and he was to receive the sum promised, only for the days he performed the service. On no principle, therefore, can it be claimed that the agreement constituted a relinquishment of his services for any longer period than while he continued to labor there.

3. The evidence to prove the extent of the injury suffered by the plaintiff's son by the bite of the dog, and also his corporal suffering and pain, was plainly admissible, as it conduced to show the amount of the expense and trouble to which the plaintiff was subjected in nursing and taking care of him, and the plaintiff was entitled to that amount if he had a right to recover.

We do not advise a new trial.

In this opinion, HINMAN, J., concurred.

A new trial not to be granted.