JOSEPHUS SCOTT

*v.*

JOB WHITE.

71    287
29a   337
71    287
35a   160
71    287
155   669
71    287
47a   515

71    287
e203  4542

1. CIRCUIT JUDGE—*holding court in another circuit.* Where the record shows that the court was held by the judge of another circuit, and nothing is shown to the contrary, it will be presumed that he was presiding by request of the judge of the circuit where the court was held.

2. CHRISTIAN NAME—*suit brought in one, and judgment rendered in another.* Where a suit was instituted by a plaintiff by one christian name, and judgment was rendered before the justice of the peace in his favor by another christian name, and no objection on that account was made before the justice, and it appears, from the record, that he was as well known by the one name as the other, the objection was properly overruled in the circuit court.

3. STATUTE OF FRAUDS—*promise to pay the debt of another.* Where a tenant executed to his landlord a chattel mortgage on the crop, to secure his rent, and then formed a partnership with the plaintiff, whereby plaintiff was to help raise the crop, and to have one-fourth thereof, when raised, which plaintiff did, and it appeared that the tenant had other creditors who might cause trouble if any question was raised about the chattel mortgage, and the landlord agreed with the plaintiff that, if he, plaintiff, would

not interfere with the landlord's claim under the chattel mortgage, he, the landlord, would pay plaintiff for his work: *Held*, that there was a good consideration for the promise to pay the plaintiff, and that it was not within the Statute of Frauds and Perjuries.

4. Minor—*effect of suit by, for his wages, without objection by his father.* Where a minor worked for the defendant, and, after he became of age, brought suit for his wages, and the father was called as a witness on be-half of his son, and made no claim to the wages, and spoke of the trans-action as his son's, the presumption is, that he had emancipated his son at the time the services were rendered, and a recovery, under these cir-cumstances, by the son, would be a bar to any claim by the father for the son's wages.

Appeal from the Circuit Court of Edgar county; the Hon. J. C. Allen, Judge, presiding.

Messrs. Bishop & Jaquith, and Messrs. Trogdon & McKindlay, for the appellant.

Messrs. Tanner, Sellar & Dole, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

We do not think there is anything in the objection that the court was held by the judge of the 21st judicial circuit. There being nothing to the contrary shown, this court will presume he was there presiding by request of the judge of the circuit.

Nor is there any force in the objection that appellee sued by one christian name, and judgment was entered for him in another christian name, it appearing he was as well known by one name as the other. No objection of this kind was made in the justice's court.

On the merits, the evidence was conflicting. The plaintiff's testimony was strong to the point, that defendant promised to pay him for the labor performed by him in raising this crop. It appears the land on which the crop was raised was rented by one Clawson of appellant, and that Clawson made an arrangement with appellee, under which they became

partners in the crop, appellee to have one-fourth, he paying one-fourth of the rent.

Prior to this, Clawson had executed a mortgage to appellant on the crop, to secure the rent, which appellee knew. This mortgage included all the property of Clawson, and was greatly in excess of the rent, and of any indebtedness of Clawson to appellant.

When the crop matured appellant took possession of it, and sold it, purchasing the corn himself for three hundred dollars. When appellee heard that the mortgage was foreclosed, he called on appellant, and was prevailed on by appellant not to interfere with his claim; if he did, Clawson's creditors would give appellant trouble, and he, appellant, would pay him for his work in raising the crop. With this assurance, appellee forebore pressing his claim, and permitted appellant to take his course with the property.

It appears appellee, before he made the agreement with Clawson, told appellant he would not work in the crop unless appellant would see him paid for his labor. This promise to pay appellee is proved by several witnesses, but denied by appellant. The weight of evidence clearly preponderates in favor of the finding. But it is urged there was no consideration for this promise, that it is a collateral undertaking, and void by the Statute of Frauds and Perjuries.

As we understand the testimony, a strong equity is shown by appellee to a portion of this crop—to one-fourth, as the testimony shows. There were one hundred and twenty acres in corn, which, the witnesses say, produced forty or forty-five bushels to the acre, and worth twenty cents per bushel. This would give in money nine hundred and sixty dollars. The amount due by the mortgage was only seven hundred and five dollars. Appellant has the proceeds of this corn crop, and of the wheat and rye, on a portion of which, also, appellee had a claim.

It appears Clawson had other creditors, who might, if any controversy arose about this mortgage sale, cause difficulty,

and when appellant was informed by appellee of his rights, appellant promised him, if he would forbear the prosecution of them, he would pay him for his work. This was a sufficient consideration. Appellant has a large surplus after satisfying the mortgage, in which it seems equitable and just appellee should participate. His work is proved to have been worth twenty dollars per month, and he worked five months. The court found one hundred dollars as his due, and gave judgment accordingly.

It is urged that appellee was a minor, under twenty-one years of age, when he did this work, and therefore there can be no recovery, as his father is entitled to the proceeds of his labor. His father was a witness in the cause, and we would infer, from his testimony, he had emancipated his son at the time the work was done, as he made no claim to the wages, and spoke of the transaction as his son's, who was of age when the action was brought. This recovery, under these circumstances, would be a bar to any action the father might institute for this cause.

On the whole record, we think the finding and judgment of the court were right, and accordingly affirm the same.

*Judgment affirmed.*