GLADYS WOOD *v.* JOSEPH WOOD

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 5—decided December 22, 1948

*Samuel I. Safenovitz,* with whom was *Arthur F. Libby,* for the appellant (plaintiff).

*S. Gene Munford,* for the appellee (defendant).

BROWN, J. In this action the defendant's minor daughter brought suit against him to recover for personal injuries alleged to have been sustained by her through the negligent operation of his automobile in which she was a passenger. The jury returned a verdict for the defendant, as directed by the court, for want of evidence that at the time of the accident the plaintiff had been emancipated. The plaintiff has appealed from the court's denial of her motion to set the verdict aside. The defendant does not claim that if the plaintiff was emancipated the action cannot lie. *Mesite* v. *Kirchenstein,* 109 Conn. 77, 82, 145 A. 753.

The parties have accordingly stipulated that for the purpose of this appeal the only issue involved is whether or not the plaintiff was an emancipated minor at the time of the accident alleged in the complaint. Interpreted in the light of the record, this means that the question for our determination is whether the jury could have found upon the evidence that the plaintiff was emancipated at the time in question.

The jury could have found these facts: The plaintiff was born April 20, 1925, and was injured in the accident referred to on June 3, 1945, as a result of the defendant's negligence. From birth she had lived with her father and the rest of the family on his farm in Franklin. She was unmarried. Until her graduation from grammar school at the age of 16 or 17, the defendant paid for all of her expenses including those for clothing, medical care, music lessons and spending money, in addition to providing her with room and board at home. Shortly after she graduated, the plaintiff asked her father about going to work, stating that she would pay her expenses because she would be earning her own money, and he responded: "Suit yourself. Go ahead." He never talked with her subsequently about her earnings or income or what she did with them, for, as he himself testified, he "thought that was her business . . . to take care of that."

She thereupon went to work for the Willimantic Music Company in Willimantic, where she was continuously employed to the date of the accident. At first she received as compensation free music lessons and $5 per week, and at the time of the accident she was earning $25 per week. She also earned money giving piano lessons. She spent what she needed of the money she earned for bus fares, meals, clothing and other necessities. Out of it she also expended over

$2000 for musical instruments and bought $400 worth of government bonds. The plaintiff did not consult with the defendant about these expenditures and he made no inquiry concerning them, for he considered that they were her own affair. From the time the plaintiff started work, the defendant never asked her for any money and she gave him none; and he neither paid for nor gave her any money for clothes, medical expenses, other necessities, music lessons or any other purpose, though he made her no charge for room or board. The plaintiff herself paid the medical expenses incident to the accident involved in this case. For a year or two prior to June 3, 1945, the plaintiff never asked permission of the defendant when she went out with anyone. He made no request of her to do work for him in the family.

Are these facts sufficient to warrant a finding that the plaintiff was emancipated? Emancipation, defined generally, is "an act by which a person who was once in the power or under the control of another is rendered free." 1 Bouvier, Law Dictionary (3d Rev.) p. 1004. "A minor is emancipated if placed· in a new relation inconsistent with the former relation as part of his parent's family." *Plainville* v. *Milford,* 119 Conn. 380, 384, 177 A. 138. As related to the instant case, "Emancipation is the grant by a father . . . either written or oral, or by inference from the conduct of the parent, of the right to the minor's services during his minority, as well as to the control, for most purposes, of his person. *Kenure* v. *Brainerd & Armstrong Co.,* 88 Conn. 265, 267, 91 Atl. 185; 1 Schouler on Domestic Relations (6th Ed.) §§ 807–809." *Mesite* v. *Kirchenstein,* supra. Our holding that the minor in that case was not emancipated rested upon facts materially different from those here under consideration. There was no express emancipation here and

none was required. *Dierker* v. *Hess,* 54 Mo. 246, 250. Our inquiry is whether the facts in evidence suffice to support an inference of emancipation from the defendant's conduct. While the requisites of the doctrine of emancipation are fixed by law, whether they are present in a particular case ordinarily presents a question of fact. *Iroquois Iron Co.* v. *Industrial Commission,* 294 Ill. 106, 109, 128 N. E. 289. "An 'implied emancipation' results when the parent, without any express agreement, by his acts or conduct impliedly consents that his minor son may leave home and shift for himself, have his own time, and the control of his earnings, and it may be inferred from and shown by the circumstances." *Rounds Bros.* v. *McDaniel,* 133 Ky. 669, 676, 118 S. W. 956.

The facts recited above show that a very material change in the plaintiff's status arose when she started to work. Not only did the defendant consent to her undertaking this outside employment and surrender to her absolute control of all her earnings therefrom, but thereafter, instead of continuing to provide her entire support and living expenses, he furnished her with bed and board only and neither claimed nor asserted any right to control of her activities. These facts afford strong support for an inference of emancipation, as is shown by many authorities, of which we mention but a few. *Sherry* v. *Littlefield,* 232 Mass. 220, 224, 122 N. E. 300; *Jacobs* v. *Jacobs,* 130 Iowa 10, 15, 104 N. W. 489; *Public Service Co.* v. *Tackett,* 113 Ind. App. 307, 311, 47 N. E. 2d 851; *Scott* v. *White,* 71 Ill. 287, 290; *Giovagnioli* v. *Fort Orange Construction Co.,* 148 App. Div. 489, 492, 133 N. Y. S. 92; *Clay* v. *Shirley,* 65 N. H. 644, 646, 23 A. 521; *Dunlap* v. *Dunlap,* 84 N. H. 352, 364, 150 A. 905; 1 Schouler, Marriage, Divorce, Separation & Domestic Relations (6th Ed.) pp. 897, 901; 39 Am. Jur. 702. These au-

thorities indicate that as a general rule the fact that a child has entered into a relation which is inconsistent with the idea of his being in a subordinate situation in his parent's family is sufficient to effect an emancipation. 39 Am. Jur. 704.

The principal if not the only fact lending support to a contrary conclusion in this case is that the plaintiff continued to live at home without paying for her bed and board. This was, however, but one circumstance to be considered in determining whether the defendant had in fact relinquished his right of control. *Johnson v. Silsbee*, 49 N. H. 543, 546. It was in no sense controlling. The emancipation "from the father's control may be as perfect when they both live together under the same roof as if they were separated. The father's renunciation of all legal right to the son's labour is not less absolute, because other family ties continue unbroken. .. . ." *McCloskey* v. *Cyphert*, 27 Pa. 220, 225; *Donegan* v. *Davis*, 66 Ala. 362, 375; *Dierker* v. *Hess*, supra; *Jacobs* v. *Jacobs*, supra; *Beaver, Bare & Co.* v. *Bare*, 104 Pa. 58, 62; *Trapnell* v. *Conklyn*, 37 W. Va. 242, 254, 16 S. E. 570; 1 Schouler, op. cit., p. 900; 46 C. J. 1344. The release from bondage of a minor child "is not made invalid by the fact that the child remains at home and continues to be supported by his father." *Dunlap* v. *Dunlap*, supra.

Ordinarily, the question whether a minor has been emancipated is a question of fact for the jury. *Arnold* v. *Norton*, 25 Conn. 92, 96. In this case, whether upon all of the evidence the defendant had totally relinquished his right of control over the plaintiff could, as is shown by the authorities above recited, have been answered either in the affirmative or the negative. Where more than one conclusion is reasonably open to the jury upon the evidence before them, a verdict should not be directed. *Heringer* v. *Underwood Type-*

*writer Co.,* 103 Conn. 675, 131 A. 322; *Ulrich* v. *New York, N. H. & H. R. Co.,* 98 Conn. 567, 570, 119 A. 890. Therefore the court was unwarranted in directing a verdict for the defendant. It follows that it was in error in denying the plaintiff's motion to set it aside.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.