NANCIE SHEA *v.* MICHAEL PETTEE ET AL.

SUPERIOR COURT       NEW HAVEN COUNTY       FILE No. 76480

Memorandum filed June 22, 1954.

*Henry J. DeVita* and *Vincent Villano,* both of New Haven, for the plaintiff.

126

*Pullman, Comley, Bradley & Reeves,* of Bridgeport, for the defendants.

KING, J. The plaintiff, described as a minor, brings this action through her father as next friend to recover damages for personal injuries claimed to have been sustained when the automobile in which the plaintiff was riding as a passenger (owned by the defendant M. Gertrude Shea and operated by her agent the defendant Michael Pettee) collided with a tree. In a more specific statement, the plaintiff alleged that the defendant M. Gertrude Shea was the plaintiff's mother. The defendant mother has demurred on the ground that the plaintiff cannot maintain this action against her parent.

If the plaintiff was an unemancipated minor, she cannot maintain the present action against her mother. *Mesite* v. *Kirchenstein,* 109 Conn. 77, 82. If she was emancipated at the time the cause of action arose, such recovery is permissible. Ibid.

This being so, the only question remaining is whether the plaintiff is obliged to allege and prove emancipation as part of her case. That she was a minor, even at the time of institution of this action, appears from the complaint and process.

This question of pleading was not directly passed upon in the opinion in *Wood* v. *Wood,* 135 Conn. 280, 282, because the plaintiff, by amendment to the complaint, directly alleged her emancipation (A-249 Rec. & Briefs, back of p. 378) although the defendant had originally pleaded nonemancipation in a special defense of the answer. Id., 378. Nor was it directly passed upon in *Arnold* v. *Norton,* 25 Conn. 92, 94, 96, since (1) there the defendant was making a claim of emancipation in order to defeat the plaintiff's claim for damages for loss of services of his minor son, (2) the case antedated code pleading in Connecticut by over twenty years, and (3) the actual state

of the pleadings in the case is not apparent from the opinion. It is, however, not without significance that in the *Arnold* case the defendant raised the issue of emancipation, although on the basis of testimony adduced by the plaintiff; and that in the *Wood* case the plaintiff directly alleged emancipation in the complaint as finally amended. See, also Practice Book, Form No. 24.

The general question of tort actions of an infant against its parent is extensively annotated in 19 A.L.R.2d 423. The conclusion of the annotator is that emancipation, if relied upon, must be pleaded and proved. Id., 437, § 8.

There is no presumption of emancipation at any age short of majority. *Plainville* v. *Milford,* 119 Conn. 380, 384; *Washington* v. *Warren,* 123 Conn. 268, 273. Therefore one claiming emancipation is claiming something out of the ordinary and not naturally to be inferred from the mere fact of infancy. Consequently emancipation must be alleged and proved.

It is hardly necessary to point out that as far as the basic cause of action is concerned the plaintiff must stand or fall on the facts as they existed at the time she received her injuries. *Arnold* v. *Norton,* 25 Conn. 92, 96. That she soon thereafter attained her majority is immaterial, except as it might obviate any occasion for instituting suit by a next friend under Practice Book, Form No. 6.

The demurrer is sustained.