RAYMOND BURDICK *v.* MITCHELL NAWROCKI ET AL.

SUPERIOR COURT    NEW LONDON COUNTY    FILE NO. 24874

Memorandum filed March 31, 1959

*Eli L. Cramer* and *Alfred M. Bingham,* both of Norwich, for the plaintiff.

*Samuel Engelman,* of Bridgeport, for the defendants.

TROLAND, J. This is an action to recover damages for personal injuries caused to Raymond Burdick, an unemancipated minor, brought on his behalf by his mother and next friend against his stepfather, Mitchell Nawrocki, and an employee of said Nawrocki, the defendant Thompson.

The plaintiff was a passenger in the tractor trailer of Nawrocki which was being operated by the defendant Thompson on the business of Nawrocki. On October 23, 1956, in a drizzling rain, the defendant Thompson drove the tractor trailer along a narrow, curving section of the public highway in Montville, near the Salem line, negligently at a rate of speed that was greater than reasonable and proper having regard to the width and condition of the highway and the weather conditions then prevailing, and failed to keep said vehicle under proper control. As a result of said negligence, the vehicle was propelled off the highway, through a wooded section a distance of 106 feet, coming to a violent stop against the trunk of a large oak tree. As a result of the collision with the tree, the plaintiff received serious personal injuries as set forth in the complaint. The plaintiff was not an employee of his stepfather at the time of receiving the injuries complained of, and his rights arising out of the same are not within the workmen's compensation laws.

At the time of the accident resulting in his injuries, the plaintiff was sixteen years of age. His father was dead; his mother had remarried. He was residing at home with the family consisting of his mother, his stepfather and himself. The plaintiff was unemployed. He took his meals at home, received his spending money from time to time from his mother and occasionally from his stepfather. He helped his mother with household chores and from time to time, when at his stepfather's place of business, "helped out" without compensation.

The defendant has set up as a special defense that the plaintiff, being a stepson of the defendant Mitchell Nawrocki and being an unemancipated minor, is barred by law from bringing an action against his stepfather.

On the facts proven, the plaintiff is found to be an unemancipated minor. The question then is, may he maintain this action against his stepfather? It is well established in Connecticut that an unemancipated minor may not maintain an action against his parents. *Mesite* v. *Kirchenstein,* 109 Conn. 77, 82; *Shea* v. *Pettee,* 19 Conn. Sup. 125, 126. The reason for the rule is set out at length in *Mesite* v. *Kirchenstein,* supra, 84, as follows: " 'The peace of society, and of the families composing society, and a sound public policy, designed to subserve the repose of families and the best interests of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent.' "

The public policy as above set forth emphasizes the maintenance of harmony in the family and the avoidance of unseemly family discord as reasons for the rule against an unemancipated minor maintaining an action against his parents. This policy seems to support defendant's claim. However, the stepfather, although he presently voluntarily stands in loco parentis, is not under legal obligation to care for, guide and control the child. Since the death of his father, the above obligations have fallen to plaintiff's mother alone. It is she alone who has the power to emancipate her son before he reaches the age of twenty-one. The son's legal reciprocal obligations are to his mother.

The court therefore holds that it is not warranted in extending the provisions of the rule forbidding the maintenance of an action by an unemancipated

minor against his "parents," to include one standing in loco parentis in a limited sense, such as a stepfather.

Judgment may enter for the plaintiff to recover of the defendants $4500 damages.