CHRISTINA TRACZYK ET AL. *v.* THE CONNECTICUT COMPANY ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 100139
AT NEW HAVEN

Memorandum filed February 6, 1963

*Irving Sweedler,* of New Haven, for the plaintiff.

*George L. Eastman,* of New Haven, for defendant Chester Traczyk.

FITZGERALD, J. The plaintiffs are three in number, namely, Christina Traczyk, a minor of the age of eleven years, and her brother Richard, a minor of the age of twelve years, who because of their minority are suing through their mother, Ann Traczyk, and the latter, suing in her individual

capacity. The defendants are three in number, namely, The Connecticut Company, a Connecticut corporation, Chester Traczyk, the father of the minor plaintiffs and husband of the adult plaintiff, and Edward R. Caldwell. Under the first count of the complaint, Christina and Richard are seeking to recover damages from all defendants for personal injuries suffered by them as the alleged result of the negligent operation of a car owned and operated by their father, the defendant Traczyk, in which they were passengers, and the alleged negligent operation by the defendant Caldwell of a bus owned by the defendant corporation. Under the second count, their mother is seeking to recover damages against all defendants for medical expenses incurred in the treatment of the children for their alleged injuries. It is further alleged that the two vehicles came into collision on a certain highway in New Haven on December 22, 1961.

The defendant Traczyk, the father of the minor plaintiffs and husband of the adult plaintiff, the mother of the children, has interposed a demurrer to the complaint insofar as the alleged cause of action stated against him in both counts is concerned, on the ground that the blood relationship between the unemancipated minor plaintiffs and him is such that the action in its entirety is not maintainable as being against the public policy of Connecticut.

The first two paragraphs of both counts, in addition to stating the ages of the minor plaintiffs as noted earlier, allege that they reside with their parents in New Haven. Because of their tender years (ages eleven and twelve respectively) and the alleged fact that they reside with both parents, the status of the minor plaintiffs, in relation to their defendant father, is clearly that of unemancipated children. See *Plainville* v. *Milford*, 119 Conn. 380,

384; *Wood* v. *Wood,* 135 Conn. 280, 283; Wright, Conn. Law of Torts, p. 108, § 75.

It has been, and continues to be, the settled law of Connecticut that an unemancipated child cannot maintain an action for negligence against his parent. *Overlock* v. *Ruedemann,* 147 Conn. 649, 651; *Mesite* v. *Kirchenstein,* 109 Conn. 77, 82. The ground given in denying the maintenance of such an action is that of public policy and the preservation of the integrity and unity of the family relation. *Mesite* case, supra, 84; see Wright, loc. cit. To be sure, the rule has been curtailed by our case law in two situations where it would appear that public policy and the preservation of the family relation were equally at stake. In one such case, it was held that an unemancipated child could maintain an action against his parent's employer for the negligence of the parent; *Chase* v. *New Haven Waste Material Corporation,* 111 Conn. 377 (1930); and in another and later case, it was held that an unemancipated child could maintain an action against his unemancipated minor brother or sister. *Overlock* v. *Ruedemann,* 147 Conn. 649 (1960).

Counsel for the minor plaintiffs at bar earnestly contends that the rule prohibiting the maintenance of an action by an unemancipated child against his parent for injuries resulting from the latter's negligence should be abrogated and discarded. The short answer is that a trial court must follow the law as it exists. A revision of settled law on a given subject should only emanate from the Supreme Court of Errors or the legislature. Were it otherwise, a condition akin to chaos would prevail in our trial courts.

In passing, it is noted that while in Connecticut a wife is permitted to maintain an action against her husband to recover damages for a wrong in-

flicted upon her by him, such right stems from a statute enacted in 1877 (Public Acts 1877, c. 114, § 1), presently General Statutes § 46-9. See cases such as *Brown* v. *Brown,* 88 Conn. 42, and *Bushnell* v. *Bushnell,* 103 Conn. 583, referred to in the opinion in the *Overlock* case, supra, 652; Wright, op. cit. § 78. There is presently no Connecticut statute relating to the subject under consideration. As already observed, the case law of Connecticut up to the present time does not extend this far. It necessarily follows that the interposed demurrer directed to the alleged cause of action stated against the defendant Chester Traczyk as contained in both counts of the complaint, in which a recovery of damages in negligence is sought against this defendant for personal injuries and resulting medical expenditures pertaining to his unemancipated children, is required to be, and is, sustained. The effect of the within ruling is that the defendant Chester Traczyk is eliminated from the case as a party defendant, thus leaving as the remaining defendants The Connecticut Company and Edward R. Caldwell.