64

DONNA KOWALSKI, Plaintiff-Appellant, *v.* ROBERT E. LISKA, M.D., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 78-1708

Opinion filed October 17, 1979.

Rolland H. Stimson, Ltd., of Chicago (Rolland H. Stimson, of counsel), for appellant.

Pretzel, Stouffer, Nolan & Rooney, of Chicago (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff brought this action to recover damages caused by the alleged negligence of defendants in the performance of surgery on her. The trial court granted defendants' motion for summary judgment on the ground that plaintiff's action was barred by the statute of limitations (Ill. Rev. Stat. 1975, ch. 83, par. 15). The sole issue is whether the exception

contained in the statute of limitations for persons under 18 years of age is applicable to married females. See Ill. Rev. Stat. 1975, ch. 83, par. 22.

The facts as disclosed by the pleadings and documents of record are as follows. Plaintiff was born on June 19, 1957. She married in August 1971 and is the mother of one child. On November 4, 1974, when plaintiff was 17 years old, she was hospitalized and on the following day had surgery. Plaintiff charged in her complaint that the surgery, which resulted in the removal of her reproductive organs, was unnecessary and too radical and was performed without her knowledge or consent. Plaintiff brought suit against defendants on June 17, 1977, within two years of her 18th birthday, but more than two years after the surgery. After receiving answers to interrogatories and taking the depositions of plaintiff and her husband, defendants sought summary judgment. The basis for defendants' motion was that, since plaintiff was married, the exception for minors contained in the two year statute of limitations was not applicable to her. After considering briefs and arguments of counsel, the trial court granted summary judgment in favor of defendants.

Illinois statute provides that persons who have attained the age of 18 are of legal age for all purposes; but until they reach this age, they are considered minors. (Ill. Rev. Stat. 1975, ch. 3, par. 131.) A guardian or next friend must appear on behalf of a person under 18 in litigation where the minor is a party. (Ill. Rev. Stat. 1975, ch. 3, par. 141.) Actions for damages for an injury to the person shall be commenced within two years after the cause of action accrued. (Ill. Rev. Stat. 1975, ch. 83, par. 15.) Another pertinent statute provides as follows:

> "§21. If the person entitled to bring an action, mentioned in the 9 preceding Sections, is, at the time the cause of action accrued, within the age of 18 years, or insane, or mentally ill, or imprisoned on a criminal charge, he or she may bring the action within 2 years after the disability is removed." Ill. Rev. Stat. 1975, ch. 83, par. 22.

■■■ Plaintiff maintains that the plain and clear meaning of the words contained in the statute demonstrates that all persons under 18 are minors, and that a person under 18 is permitted to bring an action within two years after the disability of minority is removed. She further contends that there is no indication in the statutory wording that a minor's marriage cures or removes the disability. We agree. The statute plainly and unequivocally provides an exception to the two-year statute of limitations for persons under 18 at the time of injury.

■■ Marriage emancipates a minor. (*People ex rel. Mitts v. Ham* (1917), 206 Ill. App. 543.) Emancipation, however, refers to the freeing of the minor from parental control and it merely eliminates the usual parental

duty of support. (*Iroquois Iron Co. v. Industrial Com.* (1920), 294 Ill. 106, 128 N.E. 289.) We perceive no sound reason why a minor's emancipation from parental control by virtue of marriage should in any way remove the protection afforded to minors by the exception provided in the statute of limitations. We hold, therefore, that marriage of a person under 18 does not remove or cure the minor's disability, and that all minors have the right to bring an action for personal injuries within two years after attainment of 18 years.

A case cited by defendants for the principle that marriage removes the legal disability of minority (*People ex rel. Mitts v. Ham*) does not support their position. In that case, a 15-year-old girl and an adult male were married in Missouri and then returned to Illinois. The girl's parents took control of her, and the husband sought a writ of habeas corpus. This court reversed the trial court's dismissal of the petition, holding that the marriage was not void and that it had emancipated the minor from the control of her parents. As we have noted, while a minor's marriage acts as an act of emancipation, it does not remove the protection afforded to minors by the exception provided in the statute of limitations. The trial court erred in allowing defendants' motion for summary judgment.

■ Defendants also suggest that the rights-of-married-women act (Ill. Rev. Stat. 1977, ch. 40, par. 1001 *et seq.*), which permits a married woman to sue and be sued without joining her husband, is applicable to the present case. That act merely removes the common law disabilities of married women; it places married women in the same status as single women. It does not remove the statutory disability of minority.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

SIMON, P. J., and RIZZI, J., concur.