STATE OF CONNECTICUT *v.* WILLIAM CLARK

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1245

Argued May 19 – decided October 1, 1982

*Joseph X. DuMond, Jr.,* assistant attorney general, for the appellant (state).

*Warren Miller,* for the appellee (defendant).

DALY, J. The plaintiff brought a petition for support against William Clark,[1] seeking reimbursement for payments made to his minor daughter, Kathleen Clark Brown, under the state's program of Aid to Families with Dependent Children (AFDC). Kathleen

---

[1] A similar suit was instituted against Kathleen Clark as mother of the recipient and it has been stipulated that the determination of this matter will be dispositive of both cases.

Clark was born on December 8, 1963. With her mother's permission, she married Kevin Brown on October 4, 1980, when she was sixteen years old. Their child was born in November, 1980. The state seeks to recover from the defendant money paid to Kathleen for her support, not for the support of her child. The trial court ruled that Kathleen Clark Brown was emancipated from her parents and rendered judgment for the defendant, from which the plaintiff has appealed.

Since there has been no formal determination of emancipation of the defendant's daughter, the issue is whether common-law emancipation relieves a parent of liability for support of a minor child under General Statutes §§ 17-324 and 17-82e.[2]

General Statutes § 46b-150 sets forth the statutory procedure for a petition for determination of the emancipation of a minor and § 46b-150d states its legal effect.[3] Section 46b-150e, however, also recognizes the validity of common-law emancipation: "Nothing in sections 46b-150 to 46b-150e, inclusive, shall affect the status of minors who are or may become emancipated under the common law of this

---

[2] General Statutes § 17-324 provides that "[t]he superior court shall have authority to make and enforce orders for payment of support . . . directed to . . . [any parent] if the patient or person is under twenty-one or, on and after October 1, 1972, under eighteen . . . [and] being supported by the state . . . ."

General Statutes § 17-82e provides that "[t]he commissioner shall investigate the financial condition of each applicant's and recipient's husband or wife, and in the case of an applicant or recipient who is less than eighteen years of age, his father and mother . . . and shall make a determination as to the financial ability of each relative . . . to contribute to the applicant's or recipient's support in accordance with a reasonable contribution scale established by said commissioner . . . ."

[3] General Statutes § 46b-150 provides that "[a]ny minor who has reached his sixteenth birthday and is residing in this state, or any parent or guardian of such minor, may petition the superior court . . . for a determination that the minor named in the petition be emancipated. . . ."

General Statutes § 46b-150d provides that "[a]n order that a minor is emancipated shall have the following effects: . . . (l) the parents shall be relieved of all obligation to support the minor . . . ."

state." The state concedes that, if the statutory procedure had been followed for emancipation, the defendant would be relieved of any obligation to support his minor married daughter.

Emancipation occurs when a person, once under the power and control of another, is rendered free. *Wood* v. *Wood,* 135 Conn. 280, 283, 63 A.2d 586 (1948). A minor placed in a new relationship *inconsistent with her former relation as part of her parent's family* is emancipated. (Emphasis added.) *Plainville* v. *Milford,* 119 Conn. 380, 384, 177 A. 138 (1935).

The marriage of a child constitutes a relationship inconsistent with subjection to the control and care of the parent. It is the general rule that marriage emancipates the child. *Kowalski* v. *Liska,* 78 Ill. App. 3d 64, 65, 397 N.E. 2d 39 (1979); *Fremont* v. *Sandown,* 56 N.H. 300, 302 (1876); note, 165 A.L.R. 723. An early Connecticut case; *Bozrah* v. *Stonington,* 4 Conn. 373, 375 (1822); also subscribes to this viewpoint, as does the state, hereby conceding that marriage results in common-law emancipation.

Since § 46b-150e recognizes common-law emancipation and since it is undisputed that marriage of a minor produces that status, we see no reason to distinguish between statutory and common-law emancipation in the present case. We therefore find no error.

In this opinion BIELUCH and COVELLO, Js., concurred.