The plaintiff brought a petition for support against William Clark,[1] seeking reimbursement for payments made to his minor daughter, Kathleen Clark Brown, under the state's program of Aid to Families with Dependent Children (AFDC). Kathleen *Page 504 
Clark was born on December 8, 1963. With her mother's permission, she married Kevin Brown on October 4, 1980, when she was sixteen years old. Their child was born in November, 1980. The state seeks to recover from the defendant money paid to Kathleen for her support, not for the support of her child. The trial court ruled that Kathleen Clark Brown was emancipated from her parents and rendered judgment for the defendant, from which the plaintiff has appealed.
Since there has been no formal determination of emancipation of the defendant's daughter, the issue is whether common-law emancipation relieves a parent of liability for support of a minor child under General Statutes 17-324 and 17-82e.[2]
General Statutes 46b-150 sets forth the statutory procedure for a petition for determination of the emancipation of a minor and 46b-150d states its legal effect.[3] Section 46b-150e, however, also recognizes the validity of common-law emancipation: "Nothing in sections 46b-150 to 46b-150e, inclusive, shall affect the status of minors who are or may become emancipated under the common law of this *Page 505 
state." The state concedes that, if the statutory procedure had been followed for emancipation, the defendant would be relieved of any obligation to support his minor married daughter.
Emancipation occurs when a person, once under the power and control of another, is rendered free. Wood v. Wood, 135 Conn. 280, 283,63 A.2d 586 (1948). A minor placed in a new relationship inconsistent with her former relation as part of her parent's family is emancipated. (Emphasis added.) Plainville v. Milford, 119 Conn. 380, 384,177 A. 138 (1935).
The marriage of a child constitutes a relationship inconsistent with subjection to the control and care of the parent. It is the general rule that marriage emancipates the child. Kowalski v. Liska, 78 Ill. App.3d 64, 65, 397 N.E.2d 39
(1979); Fremont v. Sandown, 56 N.H. 300, 302
(1876); note, 165 A.L.R. 723. An early Connecticut case; Bozrah v. Stonington, 4 Conn. 373, 375
(1822); also subscribes to this viewpoint, as does the state, hereby conceding that marriage results in common-law emancipation.
 since