## Town *v.* Anonymous (1983–6)*

### Superior Court

*In accordance with the spirit and intent of General Statutes § 46b-142 (b), and Practice Book § 1092, the names of the parties involved in this appeal are not disclosed.

Reporter of Judicial Decisions

BRENNEMAN, J. The plaintiff town sought reimbursement for support furnished to a minor child, the sixteen year old daughter of the defendants, pursuant to § 46b-215 (a) of the General Statutes: "(a) The superior court shall have authority to make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to . . . a child under the age of eighteen . . . ."

In a hearing, testimony was given to support the finding of the following facts:

The minor child was born on June 30, 1967. On her fifteenth birthday, seven months pregnant, she moved out of her parents' home and began living with her unemployed boyfriend, then nineteen years old. Her parents, the defendants in this action, on the advice of their daughter's pregnancy counselor, took no action to impede her moving in with her boyfriend, which they could have done under § 46b-149 of the General Statutes. Her parents at no time requested or demanded that she leave the parental home, and have at all times to the day of trial been ready, willing and able to support her and her baby in the parental home.

The minor child has been living with her boyfriend continually since June 30, 1982. In August of 1982, she gave birth to a child who has remained in her care from birth. There is no issue concerning the adequate care she provided to the baby. Neither the parents, the state nor the town contributed to the support of either the minor child or the baby from June 30, 1982, to March 16, 1983. When it came to the attention of the social services director of the town in March of 1983 that the only support for the minor and the baby was being

derived from food stamps and workfare payments being provided to the minor's boyfriend, investigation was made as to her eligibility for Aid to Families with Dependent Children (AFDC). AFDC was denied to the minor and the baby because they were residing with the baby's acknowledged father. The Unemployed Father's program under AFDC was denied to the de facto family unit, consisting of the minor, her boyfriend and the baby because the boyfriend lacked sufficient quarters of paid employment to qualify.

The town then determined that town welfare support could be provided to the three as a family unit in the amount of $453 per month, $146.67 of which was ascribable to support for the minor with the balance as support for her boyfriend and the baby. In response to the request of the social services director, the defendants were interviewed and, on the basis of the earnings data they provided, it was determined that they were liable for $130 per month of the $146.67 being provided for their daughter's support. The defendants were not asked to make those payments due to the pendency of this action, nor did they indicate to the town their willingness, or unwillingness, to make those payments.

The issue presented by this petition is whether, on these facts, the parents of a minor child can be compelled to contribute to the child's support. Section 46b-215 does not compel parents to support minor children who voluntarily live apart from the parental home.

A condition precedent to the granting of an order for payment of support under General Statutes § 46b-215 is the neglect or refusal to furnish necessary support to the minor child by the parents. The parents in the present action have never denied or refused to provide support for their daughter or her baby. They acquiesced

in their daughter's removal from their home because they were advised to do so by their daughter's counselor. Their daughter was eligible, at least after turning sixteen on June 30, 1983, for support under AFDC except for her preference to live with the unemployed putative father. While current law permits a minor to move out of her parents' home without legal sanction, it does not compel her parents to pay the bill for whatever lifestyle she may select. Parents who offer a home, food, shelter, medical care and other necessities of life to their minor child have adequately discharged their obligation of support under § 46b-215 and are not subject to orders of support. Such orders may be imposed only upon those parents who neglect or refuse to furnish such necessary support to their minor children.

A minor over the age of sixteen who, like the minor child here, voluntarily lives apart from her parents who exercise and attempt to exercise no control over her activities is emancipated by operation of common law. *Wood* v. *Wood,* 135 Conn. 280, 63 A.2d 586 (1948); *Milford* v. *Greenwich,* 126 Conn. 340, 11 A.2d 352 (1940). Further, that minor is a party who may petition, as may her parents, for an order of emancipation pursuant to General Statutes § 46b-150b, which provides in part: "If the court, after hearing, finds that . . . (3) the minor willingly lives separate and apart from his parents or guardian, with or without the consent of the parents or guardian, and that the minor is managing his own financial affairs, regardless of the source of any lawful income . . . the court may enter an order declaring that the minor is emancipated."

By voluntarily removing herself from her parents' home and securing her own support—originally by sharing her boyfriend's workfare support from the town, and subsequently by becoming a recipient of town welfare in her own name and that of her baby—the minor has effectively removed herself from parental

controls. This circumstance, combined with her parents' acquiescence therein, results in her becoming, under common law principles, an emancipated minor. *Wood* v. *Wood,* supra, 283–84. Either she or her parents might have initiated court proceedings any time after her sixteenth birthday for an order of emancipation under General Statutes §§ 46b-150 through 46b-150e. Enactment of this law in 1979; Public Acts 1979, No. 79-397; Public Acts 1979, No. 79-631, § 98, as amended by Public Acts 1980, No. 80-283; however, in no way deprives families of the benefits, or detriments, available to them, under appropriate circumstances, under the doctrine of common law emancipation.

It is therefore ordered that the petition of the town be dismissed, and that the minor child be declared to be emancipated under the common law of the state of Connecticut.