[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BRIEF HISTORY:
Carmen Morelli for defendant.
Ira Jacobs for minor child.
John P. Martin and Dawne Martin were divorced on May 20, 1981 and an order of $35/week current support for the minor child Shawn Martin was entered. (Tamborra, J) An upward modification was granted on July 16, 1992 (Keller, FSM), ordering defendant to pay $200/week current support for the child and $20/week on the plaintiff's arrearage, which at that time was $12,015.05.
Dawne Martin died, according to testimony, on June 30, 1993 and John Martin ("defendant") brought an action to open and modify the judgment of dissolution of marriage claiming that Shawn Martin ("the child") had become emancipated through his own actions prior to the mother's death and remains emancipated now, and therefore requests termination of the current support payments. At that point, Attorney Jacobs was appointed to represent the interests of the minor child and the child responded by denying emancipation and requesting a denial of the defendant's CT Page 6827-H motion to open and modify the judgment. This court ordered briefs and testimony on the issue of emancipation.[1]
FACTS:
Dawne Martin was diagnosed with a brain tumor in January 1993. Testimony from both sides show that the child was living with the mother and sparsely in attendance at school from October 1992 through March 1993, at which time he withdrew. The defendant claims that quitting school is indicative of emancipation. The child claims that he was spending his time taking care of his ailing mother. He also was involved in a criminal matter which required his weekly attendance and he stated that he finally withdrew from school at the prompting of a guidance counselor in order to care for his mother and planned to re-enroll at a later time. The child continued to live with the mother and the defendant continued to pay child support prior to Dawne Martin's death.
Testimony from both sides shows that after the mother's death on June 30, 1999 [1993]), the child asked a sibling to approach the defendant and ask whether the child could then go to live with the defendant. The defendant testified that such a conversation took place but that he refused to have the child live with him because the child would only behave for the defendant, but would misbehave with others after leaving the defendant. The child testified that despite the defendant's past involvement with alcoholism and violent episodes, he would be very willing to live with the defendant. The court finds that neither testimony is strongly credible.
In addition to dropping out of school, the child began working in April of 1993 and continues to be employed, earning an average of approximately $273/week. After the death of his mother, the child lived with his girlfriend and their child, until the girlfriend and child left around April 1994 and now he supports his child and pays rent.
DISCUSSION:
Upon the death of Dawne Martin, the defendant became the sole guardian of the child. C.G.S. 45a-606. Were the child to have commenced living with the defendant, in an unemancipated status, in June or July 1993, the defendant would easily have been relieved of his child support obligations, the obligor and the obligee merging at that point. If the child and defendant had CT Page 6827-I agreed upon a relative with whom the child would live in an unemancipated status then the child support payments would continue to be paid by the defendant and be directed to the adult caretaker.
But, the simple hypothetical did not occur in this case. The defendant refused to allow the child to live in his home and the child became a wage earner and a father in his own right. The question is was the child emancipated on or after June 1993 and if not, does the defendant owe child support from June 1993 to date.
Emancipation occurs "when a person who was once in the power or under the control of another is rendered free." Wood vs Wood,135 Conn. 280, 283 (1948). Connecticut allows for emancipation via a statutory procedure, but that option was not utilized by the defendant or child, thus emancipation becomes a factual determination.Id. at 284. Wood sets out that "an `implied emancipation' results when the parent, without any express agreement, by his acts or conducts impliedly consents that his minor son may leave home and shift for himself, have his own time, and the control of his earnings. . . ." Id.
As to whether the child was emancipated prior to the mother's death, there is testimony that the child quit school and earned wages. But these factors alone do not conclude emancipation. There was no testimony that the child refused to share his wages with his mother or that he was not under her control. Nor had the child become a father at that point. Child support payments continued to be made by the defendant. No implied emancipation is found prior to the mother's death.
Subsequent to the mother's death, the defendant never gave the child the opportunity to be controlled and released by the defendant. The defendant rejected the child's request to reside with the defendant and he stopped paying child support. In fact, the defendant testified that he could control the child, rather than that the child was beyond his control. It would be contrary and offensive to public policy to allow a parent to turn his or her back on a child, force that child to become self-sufficient, and then defend themselves against a support obligation by claiming emancipation. Whether the child would have eventually left the defendant's home to strike out on his own is only a matter for conjecture.
The court does not find that the child became emancipated and denies the motion for reopen and modification. Further, the court CT Page 6827-J finds that the defendant owes support of $200/week to the child or the guardian of the child for the period of time after Dawne Martin's death, when the defendant stopped paying child support, and owes such support for that period of time through to the child's majority. The estate of Dawne Martin may be entitled to the $20/week for the arrearage owed to Dawne Martin. Support enforcement is ordered to calculate the amount owed by defendant to the child and to notify defendant of such amount within thirty (30) days of the filing of this decision.
Forman, Judge